632 So.2d 1372 (1994)
James Harvey HOPKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 80514.
Supreme Court of Florida.
January 20, 1994.
Rehearing Denied March 31, 1994.
*1373 Ronald W. Johnson, Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for petitioner.
*1374 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for respondent.
HARDING, Justice.
We have for review Hopkins v. State, 608 So.2d 33 (Fla. 1st DCA 1992), in which the First District Court of Appeal certified the following question as being one of great public importance:
Does a trial court commit fundamental error by failing to make the findings required by section 92.54(5), Florida Statutes, prior to allowing a child witness to testify by means of closed circuit television?
Id. at 37. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the question in the negative.
James Harvey Hopkins was charged with three counts of sexual battery on a child less than twelve years old and one count of lewd and lascivious assault on the same child. Pursuant to section 92.54, Florida Statutes (1989),[1] the State filed a motion to present the trial testimony of the five-year-old victim by means of closed circuit television. At the hearing on the motion, the State presented testimony by the child's mother and a psychologist. The mother expressed concern for the child's emotional welfare if required to testify in front of Hopkins: "She probably thinks that he'd tried [sic] to hurt her if she said anything. I don't think she would talk." Based upon his examinations and observations, the psychologist gave more detailed conclusions regarding harm to the child. In ruling that the child could testify via closed circuit television, the trial court made the following findings:
[T]he Court makes a finding of fact that based on the testimony of ... the mother of the child, and Dr. Michael DeMaria, there is a substantial likelihood that the child ... will suffer more than moderate emotional harm if she were required to testify in open court in the presence of the defendant.
And further the Court hereby adopts and [ratifies] as findings of fact the Direct Examination Testimony of [the mother] and Dr. Michael DeMaria, a copy of which is attached.
On appeal, Hopkins argued that the trial court's findings did not satisfy the statutory requirement that "[t]he court shall make specific findings of fact, on the record, as to the basis for its ruling under this section." Section 92.54(5), Fla. Stat. (1989). The district court found that the issue was not preserved for appellate review as Hopkins' counsel failed to make a specific objection. Hopkins, 608 So.2d at 37. However, recognizing that no objection is required when a trial court commits fundamental error, the district court certified the issue of whether failure to make the findings required by section 92.54(5) constitutes fundamental error.
Fundamental error is "error which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970). If a procedural defect is declared fundamental error, then the error can be considered on appeal even though no objection was raised in the lower court. Id.; Ray v. State, 403 So.2d 956, 960 (Fla. 1981). However, this Court has cautioned that the fundamental error doctrine should be used "very guardedly." Sanford, 237 So.2d at 137. "[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process." State v. Johnson, 616 So.2d 1, 3 (Fla. 1993). We find that failure to make the statutory findings required by section 92.54 *1375 does not rise to this level. Thus, any shortcomings in the statutory findings must be brought to the trial court's attention by an objection in order to preserve the issue for appellate review.
In the instant case, the district court held that Hopkins' "very general objection," which was "`couched in terms of a confrontation rights argument,'" was not sufficient to preserve for review the issue of whether the trial court's findings satisfied the requirements of section 92.54(5). Hopkins, 608 So.2d at 36 (quoting the State's characterization of the objection). Prior to the child's testimony by closed circuit television, Hopkins' defense counsel made the following objection:
I would like to renew my previous objection objecting to this witness be[ing] allowed to testify outside of the presence of the jury and outside of the presence of Mr. Hopkins. And also object to [our] not being present to the jury to receive their reactions at the time that they view this testimony outside the presence 
Under the circumstances of this case, we find that this objection properly preserved the issue for appellate review. Although the objection did not specifically address the sufficiency of the factual findings under section 92.54, it properly raised the issue of Hopkins' constitutional right "to be confronted with the witnesses against him." U.S. Const. amend. VI; see also art. I, § 16(a), Fla. Const. ("In all criminal prosecutions the accused ... shall have the right ... to confront at trial adverse witnesses... ."). As the district court correctly noted, the procedure authorized by section 92.54 impacts a criminal defendant's right to "a face-to-face meeting with witnesses appearing before the trier of fact," a right guaranteed by the Sixth Amendment's Confrontation Clause. Coy v. Iowa, 487 U.S. 1012, 1016, 108 S.Ct. 2798, 2800, 101 L.Ed.2d 857 (1988). However, the right to face-to-face confrontation is not absolute and may give way "where denial of such confrontation is necessary to further an important public policy and ... where the reliability of the testimony is otherwise assured." Maryland v. Craig, 497 U.S. 836, 850, 110 S.Ct. 3157, 3166, 111 L.Ed.2d 666 (1990).
While the use of closed circuit television infringes upon the confrontation right, this Court has determined that "`the defendant's right to confront his accusers must give way to the State's interest in sparing child victims of sexual crimes the further trauma of in-court testimony.'" Glendening v. State, 536 So.2d 212, 217 (Fla. 1988) (finding no violation of guarantee of right to confrontation in applying section 92.53, which permits videotaping of child's testimony, for purposes of admitting out-of-court statements of child victim of sexual abuse pursuant to hearsay exception) (quoting Chambers v. State, 504 So.2d 476, 477-78 (Fla. 1st DCA 1987)). The procedure outlined in section 92.54(5) is the means by which the court determines if the state's interest in protecting the child witness is so great as to excuse compliance with the right to confrontation.
As explained in Maryland v. Craig, there must be case-specific findings of necessity in order to dispense with physical, face-to-face confrontation at trial. 497 U.S. at 855, 110 S.Ct. at 3168; see also State v. Ford, 626 So.2d 1338 (Fla. 1993). The case-specific findings mandated by section 92.54(5) are "`precisely what renders [the] statute constitutional, because the statute is closely tailored to protect the child victim only in those particular circumstances [where] it is deemed necessary.'" Leggett v. State, 565 So.2d 315, 318 (Fla. 1990) (quoting with approval Jaggers v. State, 536 So.2d 321, 329 (Fla. 2d DCA 1988)).[2] Thus, the factual findings required by section 92.54 are necessarily related to the constitutional right to confrontation. Cf. Myles v. State, 602 So.2d 1278, 1281 (Fla. 1992) (discussing the interrelation of the findings required by Maryland v. Craig and those required by section 92.54); see also Feller v. State, 617 So.2d 1091, 1097 (Fla. 1st *1376 DCA) (Zehmer, J., dissenting), review granted, 626 So.2d 205 (Fla. 1993).
In the instant case, defense counsel's "confrontation rights" objection necessarily called into question whether the statutory procedures had been followed. Moreover, we agree with Judge Zehmer's assessment of this issue in his dissent below. Once defense counsel has made a general objection to the admissibility of testimony via closed circuit television on an appropriate legal ground and has been overruled by the trial judge, counsel should not be required to continue arguing over the legal sufficiency of the court's factual basis for its ruling. Hopkins, 608 So.2d at 38 (Zehmer, J., dissenting).
Turning to the merits of Hopkins' claim, we find the trial court's findings did not satisfy the requirements of section 92.54(5). The trial court merely adopted and ratified the hearing testimony of the mother and the psychiatrist without specifying each evidentiary fact that supported its ruling. This ignores the statute's clear and unequivocal directive that the court "make specific findings of fact, on the record, as to the basis for its ruling." Section 92.54(5). Furthermore, a reviewing court has no assurance that the trial court has made the type of individualized determination of necessity required by Maryland v. Craig.
Before we determine whether this error requires reversal of the convictions, we address a second evidentiary issue raised by Hopkins. Hopkins argues that the trial court failed to make sufficient findings under section 90.803(23)[3] to admit the out-of-court statements of the child victim. The district court found that "defense counsel's general hearsay objections to the testimony were not sufficiently specific to preserve the issue for appellate review." Hopkins, 608 So.2d at 37. We disagree.
The admissibility of these statements was the subject of a lengthy pretrial hearing where the State proffered the testimony of six witnesses. At the end of the hearing, defense counsel objected to the admissibility of the hearsay statements, arguing that there was no showing of reliability. The trial court ruled that the statements were admissible and found that "the time, content and circumstances of the statements provides sufficient safeguards for reliability." The trial began almost immediately after the court ruled on the hearsay issue. During the testimony of the first witness, defense counsel objected three times to the admission of the hearsay statements. At one point, defense counsel asked for a continuing objection, which the trial court denied. After the first witness, defense counsel made no further objections to the hearsay evidence.
Although it would have been preferable for defense counsel to object each time the hearsay testimony was introduced, we find that the issue was preserved for appeal. The trial court was put on notice of the potential error by the pretrial hearing and by defense counsel's request for a continuing objection during trial. As discussed above, defense counsel's objection to the reliability of the evidence necessarily encompassed the sufficiency of the judge's findings as to that reliability. Counsel was not required to specify each finding of fact to which he was objecting.
Turning to the merits of the claim, we find that the trial court's findings did not satisfy the requirements of section 90.803(23). In admitting the hearsay statements of the child, the court made the following ruling:
I'm going to take and make a finding of fact that the time, content and circumstances of the statements provides sufficient safeguards for reliability. I'll also take into consideration based upon what *1377 Dr. DeMaria says the mental and physical age and maturity of the child and the nature and duration of the abuse and the relationship of the child to the offender and the reliability of the assertion and the reliability of the child victim. Also make a finding of fact that this hearing was conducted out of the presence of the jury that indicates to me there would be no lack of trustworthiness. So I will take and grant the motion under Florida Statute 90. [803], subsection 23.
Mere recitation of the boilerplate language of the statute, as the trial court did here, is not sufficient. Jaggers, 536 So.2d at 325. Absent the specific findings of reliability mandated by the statute, a reviewing court cannot determine whether the statements were in fact reliable. Failure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant's constitutional right to confrontation. See Perez v. State, 536 So.2d 206 (Fla. 1988) (finding section 90.803(23) constitutional and discussing interrelation with the Confrontation Clause), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
Even though the constitutional right to face-to-face confrontation is involved in both evidentiary issues raised in this case, a constitutional error does not automatically require reversal of a conviction. In fact, "constitutional errors, with rare exceptions, are subject to harmless error analysis." State v. DiGuilio, 491 So.2d 1129, 1134 (Fla. 1986). The United States Supreme Court has taken a similarly strict view of constitutional error. See Arizona v. Fulminante, 499 U.S. 279, 306-09, 111 S.Ct. 1246, 1263-64, 113 L.Ed.2d 302 (1991) (citing only three examples of constitutional error that are not subject to harmless error analysis: coerced confession, right to counsel, and impartiality of judge). In fact, the Supreme Court has specifically determined that violations of the Confrontation Clause, including denial of face-to-face confrontation, are subject to harmless-error analysis. Coy, 487 U.S. at 1021, 108 S.Ct. at 2803; see also Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).
In assessing the harmlessness of a denial of face-to-face confrontation, the reviewing court cannot speculate on whether the witness's testimony would have been unchanged, or the jury's assessment unaltered, had there been confrontation. Instead, harmlessness must "be determined on the basis of the remaining evidence." Coy, 487 U.S. at 1022, 108 S.Ct. at 2803.
In the instant case, neither the victim's testimony by closed circuit television nor her out-of-court statements were properly admitted due to the court's failure to make the specific findings required by sections 92.54 and 90.803(23). Based upon Hopkins' own admission to several investigators, there is evidence to support his conviction on one count of child sexual battery. Thus, the errors in admitting the child's closed-circuit testimony and out-of-court statements were harmless with respect to that count. However, the remaining evidence would not have supported convictions on the other two counts. Thus, the failure to make the statutory findings of fact was harmful error as to those counts and necessitates reversal of two convictions.
Accordingly, we answer the certified question in the negative. We quash the decision below in part and approve it in part. We remand this cause with directions to reverse the judgment of conviction as to two counts and order a new trial.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 92.54, Florida Statutes (1989), provides that a child under the age of 16 who is a victim of or witness to a sexual offense may testify outside the courtroom by means of closed-circuit television. However, the statute provides that the court may only order testimony by closed-circuit television "upon a finding that there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court or that such victim or witness is unavailable as defined in s. 90.804(1)." § 92.54(1). The court is also required to "make specific findings of fact, on the record, as to the basis for its ruling under this section." § 92.54(5).
[2] Leggett v. State, 565 So.2d 315 (Fla. 1990), involved a different statute that permits a child to give videotaped testimony rather than personally appearing in court. See § 92.53, Fla. Stat. (1987). Because that statute impacts the same constitutional guarantee of face-to-face confrontation that is at issue in the instant case, the reasoning in Leggett is applicable here.
[3] Section 90.803(23)(a), Florida Statutes (1989), provides that before an out-of-court statement by a child victim of sexual abuse can be admitted the court must conduct a hearing outside the presence of the jury to determine:

that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the reliability of the assertion, the reliability of the child victim, and any other factors deemed appropriate... .