BOOTH, Judge,
dissenting.
I doubt the applicability of Hopkins v. State, 632 So.2d 1372 (Fla.1994), to these proceedings. Hopkins, a criminal case, allows a general objection raising Sixth Amendment “confrontation rights” to preserve for review specific procedural objections to the victim’s statements and testimony. The basic rule requiring specific objection remains unaffected by Hopkins and should control in civil cases and certainly in dependency proceedings wherein the court has wide discretion in the acceptance of evidence bearing on the welfare of the children involved. Technical rules of evidence which prevent the court from considering critical evidence are not favored, see, e.g., In the Interest of S.C. v. State, 471 So.2d 1326 (Fla. 1st DCA 1985); In re J.A.R., 419 So.2d 780 (Fla. 1st DCA 1982); T.A.F. v. Duval Coun *756 ty, 273 So.2d 15 (Fla. 1st DCA 1973), and should be expressly raised by objection. The objections made in this case were neither of the general kind allowed in Hopkins nor were they specific objections alerting the trial court to the error now raised. I would hold the error was not preserved.
Assuming Hopkins applies in dependency proceedings and that appellant’s objections were sufficient, failure to make “findings” under section 90.803(23), Florida Statutes, was harmless, nonetheless. State v. Diguilio 491 So.2d 1129 (Fla.1986). The substance of the hearsay testimony at issue was testified to by all three children at the dependency hearing. As such, the hearsay testimony is merely cumulative or repetitive. Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991). This court has previously held that an error in admitting hearsay testimony is harmless when substantially the same evidence is presented through other witnesses. See Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986); Flanagan, supra. I would affirm.