PER CURIAM.
Appellant Donna Ritchie appeals her conviction for capital sexual battery upon C. R., one of her sons. For the reasons discussed below, we reverse and remand for a new trial.
Appellant contends that the trial court erred by failing to make a statutorily sufficient, individualized determination of necessity that the child victim’s testimony be presented at trial by means of his videotaped deposition, as opposed to his live, in-court testimony in the presence of appellant. We agree. Section 92.53(1), Florida Statutes (1997), allows the use of videotaped testimony of child victims of sexual abuse where the court finds that the child would suffer at least moderate emotional or mental harm due to the presence of the defendant if required to testify in open court. The use of such testimony infringes upon the constitutional right of confrontation under the Sixth Amendment to the Constitution of the United States; however, it is recognized that the defendant’s right to confront his accuser must give way to the State’s interest in sparing child victims of sexual crimes the further trauma of in-eourt testimony. See Glendening v. State, 536 So.2d 212 (Fla.1988).
Subsection (7) of section 92.53 requires that the court make specific findings of fact on the record as to the basis for its ruling that the admission of such videotaped testimony is necessary. It is clear from the record before us that Judge Bowden, who heard the testimony regarding the effect of testifying on the child victim, failed to articulate sufficient findings in determining that the videotaped testimony of the victim was necessary. At the conclusion of the hearing pursuant to subsection (7), Judge Bowden stated on the record:
I have listened to the testimony, and I have evaluated the relationship of the mental health professional with the child, and I also have put my common sense into the equations, and conclude that the child would in fact suffer at least moderate emotional harm as testified to by the mental health counselor. And I think that the State has met its burden under the statute.[1]
This oral finding by the trial judge suffers from the same insufficiency as the findings condemned by the court in Hopkins v. State, 632 So.2d 1372 (Fla.1994). The trial judge merely “ratified the hearing testimony” of the mental health counselor, which “ignores the statute’s clear and unequivocal directive” that the court make “ ‘specific findings of fact, on the record, as to the basis for the ruling.’” Id. at 1376, quoting section 92.54(5), Florida Statutes.[2] Further, the “mere recitation of the boilerplate language of the statute”' — that the child would suffer at least moderate emotional harm — is not sufficient. Id. at 1377.[3]
*263 Judge Bowden did not preside over the actual trial in this case but was replaced by Judge Schemer. At trial, appellant objected to the introduction of the videotaped testimony, asserting Sixth Amendment rights and specifically pointing out that the required findings had not been made. Judge Schemer then attempted to correct the record deficiency by reviewing the record of the testimony heard by Judge Bowden, and then by making findings purporting to fulfill the statutory requirements for allowing the videotaped testimony. He stated:
I have also reviewed the transcript, and Mr. Finney testified that the child becomes withdrawn, agitated, fidgety, anytime the mother’s name has been mentioned in his counseling sessions with him. And I believe there were sufficient facts for Judge Bowden to find, as he did, that testimony at this trial would have resulted in moderate emotional harm to the child.
This attempt to cure the deficiencies in the findings by Judge Bowden did not comply with the requirements of the statute. The Florida Supreme Court, in Feller v. State, 637 So.2d 911 (Fla.1994), ruled that a reviewing court cannot determine which of the facts the trial court relied upon in reaching the ultimate conclusion of harm to the child unless the trial court states on the record its findings as to pertinent evidentiary facts. As the supreme court stated in Leggett v. State, 565 So.2d 315 (Fla.1990) and approved again in Feller, if a reviewing court looks behind the judge’s words and predicates its decision solely upon the sufficiency of the evidence, the court would not only be ignoring the clear and unequivocal directive of subsection 92.53(7), but would also be construing the statute in a manner that could render it unconstitutional under Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). The reviewing court must have assurance that the trial court made the type of individualized determination of necessity required by Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). As stated by the court in Leggett, the failure of the trial court to comply with subsection 92.53(7) “is more than just a technical error.” Leggett, 565 So.2d at 317. In Hopkins, further emphasizing the necessity of strict compliance with the directives of the statute, the court said: “As explained in Maryland v. Craig, there must be case-specific findings of necessity in order to dispense with physical, face-to-face confrontation at trial.” Hopkins, 632 So.2d at 1375 (citing Craig, 497 U.S. 836, 855, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)). Thus, in simply reviewing the transcript of the record on this issue, Judge Schemer was in no different position than the appellate court in Feller. The required statutory findings were not made by the judge who heard the witnesses, and this deficiency could not be cured at trial before another judge by making findings based upon his reading of the transcript of testimony given at the hearing before the first judge.[4]
In addition to objections based on the Sixth Amendment, and the insufficiency of Judge Bowden’s findings, defense counsel also asserted a “staleness” objection, arguing that the evaluation of harm to the child under section 92.53 should be done at the trial, or as close to the trial as possible. Defense counsel stated:
It was an objection I made prior to the videotaping, and the court felt that it was the defense’s fault for the delay, and therefore, that that would be ... the objection was overruled.
The trial judge responded:
Now, you have raised another matter which has already been heard. You filed a motion for rehearing stating that the court should reevaluate that issue again. The State argued and the Court accepted that, it was your burden to come forward and show that the findings would be different, and you did not. Accordingly, the court agrees with the finding of Judge Bowden, and will allow the videotape into evidence.
Appellant’s “staleness” objection must be viewed in the light of the chronology of events leading up to the trial. The State filed an indictment on March 2, 1994, eharg- *264 ing appellant with an offense that occurred, according to a later-filed statement of particulars, between the dates April 12, 1990, and November 30,1991. The date April 12,1990, is the child’s fourth birthday, so the offense is alleged to have occurred when the child was four or five years of age. The hearing for evaluation of the need for videotaping was held on January 3, 1995, at which time the child was eight years and eight months of age. The actual videotaping of the child’s testimony took place on October 31, 1996, when the child was 10 years and six months. The trial took place beginning January 3, 1997, when the child was less than four months from his 11th birthday.
The State argues on appeal that appellant’s “staleness” objection was not preserved for review because it was not raised prior to trial. We acknowledge, as pointed out by the state, that no motion for rehearing as referred to by the trial judge appears in the record, and there is no transcript of a hearing on any such motion. Nonetheless, based upon the unrefuted statements by defense counsel and the ruling by the court quoted above, we find the issue was preserved. However, because our ruling on the videotaped evidence issue is not dependent upon appellant’s “staleness” objection, we find it unnecessary to address this issue on the merits except to reject any suggestion— if indeed such a suggestion is intended by the State’s argument—that the long delay between the evaluation hearing and the trial caused Judge Bowden’s insufficient finding to ripen into sufficiency.
We agree, however, with the state’s contention that this error is subject to a harmless error analysis under Hopkins, and cases therein cited. In making this analysis, this court is not permitted to speculate on whether the victim’s testimony would have been unchanged, or the jury’s decision unaltered, had there been confrontation. As the court explained in Coy, 487 U.S. at 1021-22, 108 S.Ct. 2798:
An assessment of harmlessness cannot include consideration of whether the witness’ testimony would have been unchanged, or the jury’s assessment unaltered, had there been confrontation; such an inquiry would obviously involve pure speculation, and harmlessness must therefore be determined on the basis of the remaining evidence.
Harmlessness must therefore be determined by reviewing the remaining evidence after exclusion of the videotape.
The State urges us to find, as in Hopkins, that the error was harmless because appellant confessed to abusing her son. We disagree. Our review of the record discloses that the evidence of the alleged “confession” relied upon by the State consists of her brief, handwritten statement, and testimony by an investigating officer who recounted his in-custody, reconstructed interview with appellant consisting of her rambling, equivocal, and sometimes incoherent and inconsistent statements in the course of a prolonged conversation with the officer, taken in the absence of a court reporter or recording device.[5]
We find a striking contrast between this evidence and the graphic account of appellant’s alleged sexual acts elicited in the child’s videotaped testimony: “She put her mouth on my penis and sucked on it.” There is no other evidence containing this explicit detail, nor is there other evidence establishing appellant’s act of rubbing on his penis “really hard.” It was the fondling or “rubbing of the penis” that provided the strongest connecting link between the acts alleged to have taken place between the defendant and C.R., and the acts described in the Williams[6] rule testimony by appellant’s older son. In addition, the defense presented evidence of changes in the child’s testimony between the date of the alleged first disclo *265 sure and the child’s videotaped testimony, and the defense also presented expert evidence indicating that these changes were the result of influence and suggestiveness that occurred during the victim’s frequent encounters with various child protection and law enforcement personnel, counselors, therapists, and family members.[7] Indications from the record are that the child’s perception of events, as well as his ability to recall them, changed dramatically over a period of time.[8] After consideration of the entire record, we are of the view that the evidence is not so conclusive as to satisfy the State’s burden to establish beyond a reasonable doubt, as required by State v. DiGuilio, 491 So.2d 1129 (Fla.1986), that the erroneously admitted videotaped testimony did not contribute to the jury’s guilty verdict. We find, therefore, that the error here was not harmless.
Because this case must be retried, we address the Williams rule issue raised by appellant. Appellant argues that the testimony of her other son should not have been admitted because there were not sufficient similarities in the acts allegedly perpetrated against the two boys to make the older son’s testimony admissible under Saffor v. State, 660 So.2d 668 (Fla.1995). We disagree. The Florida Supreme Court in Heuring v. State, 513 So.2d 122 (Fla.1987), provided for a relaxed standard of admissibility in familial ' settings for similar fact evidence corroborating a victim’s testimony. That standard was refined in Feller, with the court reemphasizing that the charged and collateral offenses must share some unique characteristic or combination of characteristics that sets them apart from other offenses beyond the mere fact that they occurred in the familial setting. The Florida Supreme Court addressed the issue again in Saffor, explaining that the general rule of striking similarity was relaxed in familial sexual battery cases. The court stated that while familial context alone constituted a significant similarity, it is not enough, without some additional similarity, to be admissible. Saffor involved a charged offense of sexual battery on Saffor’s girlfriend’s 10-year-old son and a collateral offense of attempted lewd assault of Saffor’s 12-year-old niece. The court held in Saffor that it was error for the trial court to admit the collateral evidence where the ages and gender of the children were different, the incidents took place in different time frames, in different locations, and at different times of the day. The only real similarity, according to the court, was that both incidents occurred while the children were asleep in bed.
In this ease, both victims were sons of the appellant, living with appellant at the time of the alleged abuse, and each episode of alleged abuse occurred in appellant’s home. Additionally, the time periods during which the abuse allegedly occurred are identical, although the sexual acts allegedly perpetrated upon the 4-year-old in this case, according to his videotaped testimony, were not identical to those involving the 12-year-old Williams rule witness.[9] However, in both instances the evidence relied upon by *266 the State indicates the fondling of the victims’ genitalia by appellant as a prelude to the alleged sexual act, and the state argued this below as a basis for the trial court’s finding of similarity required for admissibility. We are persuaded that the familial context coupled with the additional similarities of identical time frame, location, gender, and the acts alleged to have been committed by appellant, appear to provide sufficient similarity to satisfy the Saffor standard for admissibility of the Williams rule testimony.[10]
Appellant argues several other claims of reversible error, including ineffective assistance of trial counsel. In view of our decision to reverse on the grounds stated, we find it unnecessary to address these additional issues.
For the foregoing reasons, we are compelled to REVERSE the judgment of conviction and sentence, and REMAND for a new trial.
ALLEN and DAVIS, JJ., and SMITH, LARRY G., Senior Judge, concur.

.Following the court’s announcement that the State's motion for videotaping "is granted,” defense counsel objected, stating “I oppose the court's ruling. I will do what's appropriate at a later time to preserve the issue.” The court responded: "Oh, I think it’s preserved.” Defense counsel: "I think I have to object at the time of admissibility.” The court: "Yeah, you do.” Specific Sixth Amendment and other objections were made at the trial, including the objection that the above-quoted findings by Judge Bowden were insufficient under the statute.

. Although Hopkins involved closed-circuit televising of trial testimony under section 92.54, Florida Statutes, the court applied the same standards for review of the sufficiency of the findings as are required for section 92.53 testimony. See Hopkins, 632 So.2d at 1375, n. 2.

. No written order appears in the record, and the parties have been unable to locate any such order.

. We note that although the state argues that Judge Schemer's findings were sufficient under the statute, the State's brief fails to address the relevant case law on this point, the State citing only to Hopkins on the harmless error issue in a notice of supplemental authority.

. Appellant’s handwritten statement, given during this interview, reads as follows: "I make this statement freely and voluntarily with no threats or promises. I was in the bathtub and cleansed the area of penis. He stood up, and I kissed it. It wasn’t meant to be sexual, only affectionate, no way did I mean to molest him. I'm sorry, [C.R.] but I will get help. I didn’t mean no harm. My son was interviewed and I love him.”

. Williams v. State, 110 So.2d 654 (Fla.1959).

. The child's first disclosure of sexual abuse occurred in December 1993, according to the testimony of his stepmother, Cindy Ritchie, although prior to that time the child had been counseled and interviewed by several professionals, all of whom testified that the child gave no evidence of any sexual abuse, only physical abuse, when questioned about abuse generally.

. The jury evidently had difficulty sorting out the conflicting evidence in this case. Upon first retiring to deliberate at 5:45 p.m., the jury was given the videotaped interview of appellant’s older son and two videotaped interviews of C.R., the victim in this case. At 6:08 p.m., the jury sent a note to the judge requesting the testimony of Cindy Ritchie, C.R.’s stepmother, the transcript of C.R.’s videotaped testimony, the "police report” of appellant’s confession, and another report. The court explained that this information could not be provided. At 7:21 p.m., the jury again requested the tape or a transcript of C.R.’s testimony. This time, at the request of defense counsel, the court allowed the jury to have the videotape of C.R.’s testimony, and at 7:29 p.m., the jury retired to the jury room again. At 8:44 p.m., the jury called for a transcript of Detective Turner’s testimony (the "confession” testimony), which the court stated could not be provided. At 9:13 p.m., the jury again requested Detective Turner’s testimony and other information. The court again instructed that they would have to rely on their own memories. At 9:55, the jury returned with a verdict of guilty.

.The offense charged in this case is based upon union of the mouth of appellant with the victim's penis. The Williams rule testimony did not involve mouth/penile contact, but did involve penile/vaginal intercourse.

. We caution, however, that on retrial the admissibility of the Williams rule evidence must be determined by the trial court based solely upon the trial court’s independent evaluation of the evidence presented on retrial in light of the objections raised, and in the exercise of the trial court’s sound discretion in ruling on the admissibility of the evidence. Our views expressed here are intended solely for the assistance of the court and the parties on retrial, and shall under no circumstances be interpreted as binding any future panel of this court to a particular ruling under the facts that may be presented in a future appeal.