POLSTON, J.
Appellant Thomas Hughes was charged and found guilty by a jury of one count of sexual battery while in a position of familial authority pursuant to section 794.011(8)(b), Florida Statutes (1997), and one count of lewd and lascivious acts upon a child pursuant to section 800.04, Florida Statutes (1997). Appellant argues that: (i) the trial court erred by allowing the prosecutor to make references to the alleged failed results of Appellant’s voice stress test, (ii) the trial court erred by allowing a partition to be placed between the testifying minor victim and the defendant, and (iii) the evidence was insufficient to convict the defendant. We affirm.
First, to the extent that the trial court erred by allowing the prosecutor to make references to the alleged failed results of Appellant’s voice stress test, it was *816 harmless error because of Appellant’s admissions. See Carter v. State, 737 So.2d 626, 627 (Fla. 1st DCA 1999)(concluding that “any error in that regard was clearly harmless in light of appellant’s admission”).
On the second issue, we agree with Appellant that the trial court’s findings were insufficient to satisfy the requirements of section 92.54, Florida Statutes (1997)(permitting the use of closed circuit television in proceedings involving victims or witnesses under the age of 16). See Hopkins v. State, 682 So.2d 1372, 1376 (Fla.l994)(holding that the trial court’s findings were insufficient under section 92.54(5)). Moreover, section 92.54 provides for the use of closed circuit television but not a partition. See generally Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988)(reversing judgment against defendant convicted of lascivious acts with a child and remanding for determination of whether the Confrontation Clause error was harmless; although the Iowa statute at issue permitted testimony by a child behind a screen in the courtroom, there were no individualized findings by the trial court that these particular witnesses needed special protection). However, this error by the trial court was harmless because of Appellant’s admissions. See Hopkins, 632 So.2d at 1377 (holding that there was harmless error because appellant’s own admission to several investigators supported his conviction of sexual battery).
Finally, we find no merit to Appellant’s argument that the evidence was insufficient to convict him.
AFFIRMED.
BOOTH and KAHN, JJ., concur.