PER CURIAM.
The appellant in this direct criminal appeal challenges his convictions on three counts of capital sexual battery. The ap-pellee concedes that the trial court made two incorrect evidentiary rulings but argues that the errors were harmless. Concluding that these errors may not be considered harmless, we reverse the appellant’s convictions and remand this case for a new trial.
The appellee acknowledges that the trial court erred by admitting testimony of a nurse that, in the course of a medical examination, the alleged victim identified the appellant as the person who sexually assaulted her. This identification testimony was improperly admitted under section 90.803(4), Florida Statutes, the medical diagnosis and treatment exception to the hearsay rule. See State v. Jones, 625 So.2d 821 (Fla.1993).
And the appellee also concedes that the trial court erred in admitting child *1089 hearsay testimony through the appellant’s cousin without first making the case-specific findings required under section 90.803(23), Florida Statutes. See Hopkins v. State, 632 So.2d 1372 (Fla.1994).
While acknowledging that the above-referenced testimony should not have been admitted, the appellee contends that these errors were harmless because the testimony was merely cumulative to other evidence offered by the prosecution. In order to accept the appellee’s argument, we would be required to conclude beyond a reasonable doubt that these errors did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We are unable to reach this conclusion.
Because there was no physical evidence presented at trial, the state’s case rested upon the alleged victim’s testimony. In addition to the witnesses referenced above, other witnesses also testified that the alleged victim told them that the appellant had sexually assaulted her, and two more witnesses testified that the appellant had sexually assaulted them as well. But there was also considerable testimony that the alleged victim had recanted her accusations and that her credibility was otherwise questionable. And there was additional testimony that some of the prosecution witnesses had motives to testify falsely against the appellant. Further, the prosecutor relied upon prosecution testimony as to the alleged victim’s out-of-court accusations against the appellant, including the improperly admitted testimony referenced above, in arguing to the jury that the alleged victim’s testimony should be believed. And finally, the jury reached its verdicts only after several hours of deliberation, returning verdicts of guilty on three counts but finding the appellant not guilty on an additional count. In light of these circumstances, we cannot say beyond a reasonable doubt that the improperly admitted testimony had no affect on the verdicts.
Although we need not address the other arguments presented by the appellant, several aspects of this case cause us considerable concern. Particularly troubling is what appears to have been a pattern of prosecutorial overreaching. We caution the prosecution to refrain on retrial from questioning the appellant’s daughter about whether she wanted to commit suicide as a result of the appellant’s alleged sexual assault, and also to refrain from repeatedly referring to the tears of prosecution witnesses as “tears of truth.”
The convictions are reversed and this case is remanded for a new trial.
ALLEN, C.J., WEBSTER and PADOVANO, JJ., concur.