DAMOORGIAN, J.
Timothy McLaughlin appeals his judgment and sentence on two counts of lewd or lascivious molestation on a child under age twelve. One count applied to victim D.M. and the other to victim H.M. McLaughlin raises two issues on appeal: (1) the trial court erred in allowing a screen to be placed between the witness stand and McLaughlin while each victim testified in open court; and (2) the prosecutor’s improper comments during closing argument amounted to fundamental error. Finding merit to McLaughlin’s first issue on appeal, we reverse and remand for a new trial, concluding that the use of the screen in the courtroom was not authorized by the applicable statute and unduly compromised the presumption of innocence fundamental to the right to a fair trial.[1] We find no error in connection with the prosecutor’s statements during closing argument, and do so without further comment.
The following facts are necessary to the disposition of the issue on appeal. After the trial started, the State made a motion pursuant to section 92.54, Florida Statutes (2010)[2], to place a screen between the witness stand and McLaughlin in the courtroom to block the victims’ view of McLaughlin. The victims’ therapist and their mother provided testimony describing the victims’ mental states and the harm that would result from the children seeing McLaughlin in the courtroom. Defense counsel timely objected to the State’s motion and argued that the use of the screen violated McLaughlin’s Sixth Amendment rights, and the State failed to prove “anywhere near the level necessary” to circumvent these rights. The court granted the State’s motion.
When it came time for D.M. and H.M. to testify, the jury was removed from the courtroom, and a screen was placed between the witness stand and McLaughlin. The jury was then brought back into the courtroom. Additionally, both of the victims were brought into the courtroom through a different door than other witnesses to avoid having any contact with McLaughlin. D.M. and H.M. testified behind a screen, which blocked their view of McLaughlin and McLaughlin’s view of them. McLaughlin was permitted to observe the victims testify via a television monitor, presumably to satisfy McLaughlin’s Sixth Amendment right to confrontation.[3]
*228 McLaughlin argues that his due process rights were violated because the placement of the screen between the victims and him during their testimony was inherently prejudicial. See Pozo v. State, 963 So.2d 831, 836 (Fla. 4th DCA 2007) (“[A] defendant must either show inherent prejudice or actual prejudice to the fairness of the fact-finding process in order to establish a violation of the defendant’s constitutional right to a fair trial.”) (citing Holbrook v. Flynn, 475 U.S. 560, 572, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)) (emphasis in original). “Actual prejudice requires some indication or articulation by a juror or jurors that they were conscious of some prejudicial effect.” Shootes v. State, 20 So.3d 434, 438 (Fla. 1st DCA 2009) (citation omitted). “Inherent prejudice, on the other hand, requires a showing by the defendant that there was an unacceptable risk of impermissible factors coming into play.” Id. (citations omitted).
We begin our analysis by noting, as did our sister court in Hughes v. State, 819 So.2d 815 (Fla. 1st DCA 2002), that “section 92.54 provides for the use of closed circuit television but not a partition.”[4] Id. at 816; see Coy v. Iowa, 487 U.S. 1012, 1020, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (stating that “[i]t is difficult to imagine a more obvious or damaging violation of the defendant’s right to a face-to-face encounter” than screen-shielding the child accuser from the defendant).
More recently, the Nebraska Supreme Court, under strikingly similar circumstances, concluded that placing a screen between the victim and the defendant while the victim testified was inherently prejudicial. See State v. Parker, 276 Neb. 661, 757 N.W.2d 7, 18-19 (2008). In Parker, during the testimony of the alleged victim, the court placed a large screen in the courtroom to block the defendant and victim from seeing one another. Declaring that the practice violated the defendant’s right to a fair trial, the Nebraska court stated:
[T]he screen unduly compromised the presumption of innocence fundamental to the right to a fair trial. The presence of the screen in the courtroom, in an obvious and peculiar departure from common practice, could have suggested to the jury that the court believed [the victim] and endorsed her credibility, in violation of [the defendant’s] right to a fair trial.
Id. at 11. In reversing the defendant’s conviction, the court concluded:
[T]he inherently prejudicial practice in this case cannot pass close scrutiny, because the court had available another equally effective method of protecting [the victim] while procuring her testimony that would not have been inherently prejudicial to [the defendant’s] due process rights. Section 29 — 1926[5] specifically provides for various means of obtaining the victim’s testimony through pretrial videotaping or closed-circuit video from another room. It does not, actually, make any reference to using a screen in the courtroom.
Id. at 18.
We conclude that section 92.54 does not authorize the use of a screen in the man *229 ner employed in this case, and that doing so lent undue credibility to the witnesses. The proper procedure would have been to have the witnesses testify outside the courtroom via closed circuit television, after the court concluded that the victims would suffer emotional or mental harm due to the presence of McLaughlin. See § 92.54, Fla. Stat.
The State has made no attempt to establish that this inherently prejudicial practice was harmless and did not actually contribute to the jury’s verdict. Nonetheless, we hold that the error was harmful. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986); see § 924.33, Fla. Stat. (2010) (“No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant.”). McLaughlin never admitted to committing the acts on the victims, and the State’s entire case relied upon their testimony. Both of the victims testified that McLaughlin used threats to keep them from telling anyone about the alleged abuse. Therefore, the jurors could have made the inference that the screen was used because the court believed the victims needed to be protected from testifying in the presence of McLaughlin. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

MAY, C.J., and HAZOURI, J., concur.

. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury....” U.S. Const. amend. VI; see Pozo v. State, 963 So.2d 831, (Fla. 4th DCA 2007) ("The due process clause of the Fourteenth Amendment guarantees the right of state criminal defendants to be tried by an impartial jury. The Fourteenth Amendment incorporates the essence of the Sixth Amendment right ....”) (quoting Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961)).

. Section 92.54 provides:
(1) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child ... will suffer at least moderate emotional or mental harm due to the presence of the defendant if the child ... is required to testify in open court, ... the trial court may order that the testimony of a child under the age of 16 ... who is a victim ... be taken outside of the courtroom and shown by means of closed circuit television.
[[Image here]]
(4) During the child's ... testimony by closed circuit television, the court may require the defendant to view the testimony from the courtroom. In such a case, the court shall permit the defendant to observe and hear the testimony of the child ... but shall ensure that the child ... cannot hear or see the defendant.
92.54(1), (4) Fla. Stat. (2010).

."In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const, amend. VI.

. Even though the court in Hughes noted that the use of a partition to separate the defendant from the minor victim was error, it held that the error was harmless because the defendant had admitted to committing the lewd and lascivious acts upon the child. Hughes, 819 So.2d at 815-16.

. "Upon request of the prosecuting or defense attorney and upon a showing of compelling need, the court shall order the taking of a videotape deposition of a child victim of or child witness to any offense punishable as a felony. The deposition ordinarily shall be in lieu of courtroom or in camera testimony by the child.” Neb. Rev. St. § 29-1926(l)(a) (2008).