MAY, C.J.
The defendant appeals his consecutive life sentences for lewd and lascivious molestation and capital sexual battery of a child under the age of twelve. Relying on our decision in McLaughlin v. State, 79 So.3d 226 (Fla. 4th DCA 2012), the defendant argues the trial court erred in allowing a screen to be placed between the victim and the defendant in the courtroom during the victim’s testimony. We agree and reverse.
The State charged the defendant with lewd and lascivious molestation and capital sexual battery of a child under the age of twelve. The State moved, pursuant to section 92.54, Florida Statutes (2010), to place a projector screen between the witness stand and the defendant in the courtroom to block the victim’s view of the defendant. The defendant would remain in the courtroom, but would view the victim’s testimony through a television monitor while the jury viewed the victim directly. The State supported its motion with testimony from the victim’s mother and a detective.
The defense objected on the basis that the State did not establish emotional or mental harm to the victim without the use of the screen, and that the use of the screen would violate the Confrontation Clause. The trial court found “at least a substantial probability that at least moderate physical and emotional trauma” would result if the victim testified in front of the defendant. The defense renewed the objection prior to the victim’s testimony. The trial court granted the State’s motion. The defendant was permitted to observe *246 the victim’s testimony through use of a television monitor. The defendant was convicted, and he now appeals to this Court.
On appeal, the defendant argues that the conditions under which the victim testified violated his right of confrontation and otherwise deprived him of a fair trial. Our decision is controlled by our earlier opinion in McLaughlin.[1] There, we relied on State v. Parker, 276 Neb. 661, 757 N.W.2d 7 (2008), where the Supreme Court of Nebraska wrote:
[T]he screen unduly compromised the presumption of innocence fundamental to the right to a fair trial. The presence of the screen in the courtroom, in an obvious and peculiar departure from common practice, could have suggested to the jury that the court believed [the victim]' and endorsed her credibility, in violation of [the defendant’s] right to a fair trial.
[[Image here]]
[T]he inherently prejudicial practice in this case cannot pass close scrutiny, because the court had available another equally effective method of protecting [the victim] while procuring her testimony that would not have been inherently prejudicial to [the defendant’s] due process rights. Section 29-1926 specifically provides for various means of obtaining the victim’s testimony through pretrial videotaping or closed-circuit video from another room. It does not, actually, make any reference to using a screen in the courtroom.
Parker, 757 N.W.2d at 18.
We agreed with the Parker analysis and concluded “that section 92.54 does not authorize the use of a screen in the manner employed.” McLaughlin, 79 So.3d at 228-29. “The proper procedure would have been to have the witnesses testify outside the courtroom via closed circuit television. ...” Id. at 229.
The State attempts to distinguish McLaughlin and argues that any error was harmless because here, the defendant admitted to the commission of the acts unlike the defendant in McLaughlin. We disagree. Although innovative, this method of shielding the child victim is not authorized by statute and violates the defendant’s right to a fair trial.[2] See Parker, 757 N.W.2d at 18-19.

Reversed and Remanded for a new trial.

TAYLOR and CONNER, JJ., concur.

. The trial court did not have the benefit of McLaughlin when the issue arose.

. Defendant did not object in the trial court on the grounds that the screen was inherently prejudicial. However, no objection is required where — as here — a trial court commits fundamental error, an error which is “equivalent to a denial of due process.” Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994).