DAMOORGIAN, J.
Calvin Overholt, Jr., appeals his convictions for battery and lewd and lascivious molestation of a child under the age of twelve. Citing to our decision in McLaughlin v. State, 79 So.3d 226 (Fla. 4th DCA 2012), Overholt argues that the trial court committed reversible error when it allowed a screen to be placed between the victim and Overholt while the victim testified in open court during his jury trial. We agree and reverse his convictions and sentence. Overholt also argues that the trial court should have granted his motion for judgment of acquittal on the charge of lewd and lascivious molestation, because the State failed to prove that Overholt touched the victim’s genital area. We conclude, without further comment, that the trial court did not err when it denied Overholt’s motion for judgment of acquittal.
During the trial, the victim testified in court from behind a large white screen. The court explained that the defense counsel was present and could ask the victim any questions during cross examination. Overholt was also present and could hear the victim’s testimony as the child victim testified. However, Overholt was blocked from seeing the victim directly as he testified. The court explained that there was a camera and it broadcasted the victim’s testimony on a large television screen for Overholt to see in real time as the victim testified. The victim recounted Overholt’s acts which resulted in the charges being brought.
On appeal Overholt argues that the conditions under which the victim testified violated his Sixth Amendment right to confront witnesses against him and otherwise denied him a fair trial. Overholt argues that the court should have followed the procedure of section 92.54, Florida Statutes (2012), and used a closed circuit television.[1] McLaughlin is on point. The method of shielding employed by the trial court to shield the victim from the defendant is not authorized by the statute and was inherently prejudicial. McLaughlin, 79 So.3d at 228-29 (citing State v. Parker, 276 Neb. 661, 757 N.W.2d 7, 18-19 (2008)).

Reversed and Remanded for a new trial.

GROSS, J., and HANZMAN, MICHAEL, Associate Judge, concur.

. Section 92.54 provides:
(1) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child ... will suffer at least moderate emotional or mental harm due to the presence of the defendant if the child ... is required to testify in open court, ... the trial court may order that the testimony of a child under the age of 16 ... who is a victim or witness be taken outside of the courtroom and shown by means of closed circuit television.
(Emphasis added).