PER CURIAM.
The petition alleging ineffective assistance of appellate counsel is denied on the merits. Petitioner argues that appellate counsel should have argued that the trial court erred in allowing a projector screen to be placed between the defendant and the four-year-old child abuse victim during the child’s testimony at trial.[1] See Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); McLaughlin v. State, 79 So.3d 226, 228-29 (Fla. 4th DCA 2012); Oliver v. State, 125 So.3d 244 (Fla. 4th DCA 2013), rev. granted, 122 So.3d 869 (Fla.2013); Overholt v. State, 110 So.3d 530, 531 (Fla. 4th DCA 2013), rev. granted, 122 So.3d 869 (Fla.2013).
Petitioner acknowledges that no objection to the use of the screen was lodged at trial and trial counsel had agreed *250 to the use of the screen. The issue was not preserved for appeal and was waived by trial counsel. Accordingly, appellate counsel was not ineffective in failing to raise this unpreserved issue. See Downs v. Moore, 801 So.2d 906, 910 (Fla.2001).
We acknowledge that footnote two of Oliver contains dicta suggesting that the use of a screen in this manner is fundamental error. In Oliver, trial counsel objected to the use of the screen but did not raise the specific argument that the screen was “inherently prejudicial.” Notwithstanding the reference to fundamental error, the objection in Oliver was sufficient to preserve the issue. 125 So.3d at 246 n. 2 (citing Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994), where the confrontation clause objection was also found sufficient to preserve a similar issue).
Here, defense counsel agreed to the use of the screen.[2] Petitioner cites no controlling authority holding that shielding the child victim in this manner constitutes fundamental error that cannot be waived. In all the reported cases, an objection was lodged to the use of the screen. The failure to object in this case waived the issue.
Involving a “denial of face-to-face confrontation,” Coy recognized that a confrontational clause violation is subject to harmless error analysis. 487 U.S. at 1021, 108 S.Ct. 2798. A fundamental error cannot be harmless. Reed v. State, 837 So.2d 366, 369-70 (Fla.2002). Coy ⅛ recognition that use of a witness screen is subject to harmless error analysis establishes that the practice is not so prejudicial that it categorically amounts to fundamental error depriving a defendant of a fair trial. Stated another way, the negative inferences that the jury might draw from the use of a screen is not necessarily so prejudicial that it “ ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Rogers v. State, 783 So.2d 980, 1002 (Fla.2001) (quoting Urbin v. State, 714 So.2d 411, 418 n. 8 (Fla.1998)). The holding of McLaughlin is that the practice is “inherently prejudicial” and can be reversible where a defendant objects and elects for the statutory closed circuit video procedure. Where a defendant acquiesces to the use of a screen, the issue is waived. Appellate counsel was not ineffective in failing to raise this unpreserved issue.

Petition for ineffective assistance of counsel is denied.

STEVENSON, GROSS and GERBER, JJ., concur.

. The boy was three years old at the time of the offense and suffered a broken collarbone, broken arm, and serious bruising.

. Counsel may have had tactical reasons for agreeing to the use of the screen as opposed to having the child testify via closed circuit television as permitted by section 92.54, Florida Statutes (2008). Testimony from other witnesses showed that the victim was terrified of the defendant. A display of this fear in the courtroom would have been extremely prejudicial. Nonetheless, having the child in the courtroom may have impressed upon him the sanctity and seriousness of the proceeding. Here, the victim faced the jury. Adverse inferences, like those suggested in McLaughlin, could similarly be drawn from allowing the victim to testify from a remote location via closed circuit television. Indeed, the inference that the child needed to be protected from the defendant might be greater if the jury was given the impression that the child could not even be in the same courtroom as the defendant.