DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VANCE JEROME FARMER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3672

[November 18, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Jr., Judge; L.T. Case No. 472008CF00078A.

Vance Jerome Farmer, Graceville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Vance Farmer appeals the denial of his rule 3.850 motion for post-conviction relief following an evidentiary hearing. We write to address Farmer's claim that counsel was ineffective for failing to object to a screen being placed between him and the child victim during the child's testimony. We affirm the trial court's denial of the remaining claims without comment.

Farmer was charged with aggravated child abuse. The evidence showed that the three-year-old victim suffered a broken collarbone, a broken arm, and severe bruising. Farmer was convicted by a jury and sentenced to 45 years in prison as a habitual felony offender. We affirmed the conviction and sentence on direct appeal. *See Farmer v. State,* 69 So. 3d 288 (Fla. 4th DCA 2011).

Farmer now claims that his trial counsel was ineffective for failing to object to a screen being placed between him and the child victim during

the child's testimony.[1]  He claims the use of the screen violated his right under the confrontation clause to observe the child's testimony and improperly bolstered the child's credibility to the jury.

Trial counsel testified that he agreed to the State's request to use the screen because he thought it was the better option than having the child testify via closed circuit television.  He reasoned that the child, who was only four years old at the time, likely would have more difficulty testifying in the courtroom than in a remote location.  He further reasoned that if the child were allowed to testify in the courtroom without any precautions in place, the probability that the child would react badly to seeing Farmer would be incredibly harmful to the defense.  There was testimony at trial that the child was terrified of Farmer.

We have held that the use of a screen in this manner violates the defendant's right to a fair trial and may constitute reversible error if preserved for appeal.  *See McLaughlin v. State*, 79 So. 3d 226 (Fla. 4th DCA 2012); *Oliver v. State*, 125 So. 3d 244 (Fla. 4th DCA 2013), *rev. dismissed*, 140 So. 3d 995 (Fla. 2014); *Overholt v. State*, 110 So. 3d 530 (Fla. 4th DCA 2013), *rev. dismissed*, 140 So. 3d 995 (Fla. 2014); *see also Coy v. Iowa*, 487 U.S. 1012 (1988); *Hughes v. State*, 819 So. 2d 815 (Fla. 1st DCA 2002).  However, Farmer has not cited, and we have not found, any authority stating that counsel is per se ineffective for failing to object to the use of a screen and cannot consent for reasonable strategic reasons.

In evaluating claims of ineffective assistance of counsel, the court must make every effort "'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Johnston v. State*, 63 So. 3d 730, 737 (Fla. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000).

---

[1]Farmer previously filed a petition alleging that appellate counsel was ineffective for failing to raise this issue on direct appeal.  We denied the petition, finding that any error was not preserved because trial counsel failed to object and the use of the screen did not constitute fundamental error.  *See Farmer v. State*, 128 So. 3d 248 (Fla. 4th DCA 2013).  We also suggested that counsel may have had valid strategic reasons for agreeing to the use of the screen.  *See id.* at 250 n.2.

We conclude that Farmer has failed to establish that counsel's performance was deficient under the norms of professional conduct. Counsel made a reasonable strategic decision to consent to the use of the screen in this case. We also find that Farmer has failed to establish prejudice because he has not demonstrated a reasonable probability that the outcome of the trial would have been different if the child had testified via closed circuit television or in the courtroom without a screen.

*Affirmed.*

CIKLIN, C.J., GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***