# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3027
_____

JONATHAN A. KNIGHT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

September 7, 2018

WINSOR, J.

Jonathan Knight was convicted of three counts of sexual battery on a child under twelve. On appeal he argues that he was denied the right to meaningful assistance of counsel as well as the right to confront witnesses against him. We affirm.

The morning of trial, the court considered the State's request to allow the victim—Knight's daughter—to testify through a closed-circuit television system pursuant to section 92.54, Florida Statutes. The State began by explaining how the process would work: At trial, the child would testify from the State Attorney's office, located upstairs in the courthouse. The prosecutor, defense counsel, and the judge would be in the room with the child, while Knight and the jury would watch live from the courtroom.

The court then heard testimony from a licensed clinical social worker who had counseled the child. The social worker opined that the child "would probably have significant emotional harm" if required to testify in open court. Defense counsel made a general Confrontation Clause argument but offered nothing to refute the social worker's opinion. The court granted the State's motion but did not make specific findings, despite a statutory requirement that it do so. *See* § 92.54(5), Fla. Stat. ("The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.").

While the attorneys were out of the courtroom setting up the equipment, Knight asked the court how he would speak to his attorney if he had questions during the victim's testimony. The court responded by saying "I really don't want to talk to you right now without your lawyer here." Neither Knight nor his attorney objected to the particular arrangements for the victim's testimony, and neither requested a means of communicating during the testimony.

Knight was ultimately convicted on all three counts and sentenced to concurrent terms of life in prison. He now argues that his convictions should be overturned because the trial court did not make specific findings in support of its order authorizing the victim's remote testimony and because he could not communicate with his counsel during that testimony.

"[I]t is recognized that the defendant's right to confront his accuser must give way to the State's interest in sparing child victims of sexual crimes the further trauma of in-court testimony." *Ritchie v. State*, 720 So. 2d 261, 262 (Fla. 1st DCA 1998). Consistent with that interest, sections 92.53 and 92.54, Florida Statutes, allow children to testify by closed-circuit television or pre-recorded video in certain circumstances. The United States Supreme Court has upheld similar statutes against Confrontation Clause challenges, *see Maryland v. Craig*, 497 U.S. 836, 857 (1990), and the Florida Supreme Court has upheld Florida's law, *see Hopkins v. State*, 632 So. 2d 1372, 1376 (Fla. 1994). However, both the United States Supreme Court and the Florida Supreme Court have acknowledged that the Constitution requires trial court judges to make case-specific findings before defendants can be

denied face-to-face confrontation. *Craig*, 497 U.S. at 857 ("The requisite finding of necessity must of course be a case-specific one: the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify."); *Leggett v. State*, 565 So. 2d 315, 318 (Fla. 1990) ("[T]he factual findings required by section 92.54 are necessarily related to the constitutional right to confrontation.").

First, a trial court's failure to make case-specific findings as required by statute can sometimes require reversal. *See Feller v. State*, 637 So. 2d 911, 914 (Fla. 1994). But Knight did not preserve any argument on this point, and a court's failure to make the statutorily required findings is not fundamental error. *Id.* at 913-14; *see also Hopkins*, 632 So. 2d at 1374-75. Therefore, the lack of findings does not provide any basis for reversal.

Second, Knight failed to preserve any argument that the court abused its discretion by failing to provide him a mechanism for communicating with counsel during the child's testimony. Although defendants have "the right to immediate and direct communication with counsel conducting cross-examination," § 92.54(4), Fla. Stat., this right must be specifically invoked, *id.* ("*upon the defendant's request*, such communication must be provided by any appropriate electronic method" (emphasis added)); *see also Myles v. State*, 602 So. 2d 1278, 1281 n.2 (Fla. 1992) ("All that is required is that the means of instantaneous communication be supplied if requested."). Defense counsel never requested that the court supply a means of communication, and Knight's questions posed directly to the court were insufficient to preserve the issue for appeal. *Cf. Farina v. State*, 937 So. 2d 612, 629 (Fla. 2006) ("[F]ailure to obtain a ruling on a motion or objection likewise fails to preserve an issue for appeal."). We are therefore left to consider whether there was fundamental error, and we conclude there was not. *Cf. Jackson v. State*, 983 So. 2d 562, 575-76 (Fla. 2008) (concluding that "the temporary absence of counsel, *i.e.,* a partial deprivation," is not fundamental error).

AFFIRMED.

M.K. THOMAS, J., concurs; BILBREY, J., concurs in result with opinion.

3

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***
_____

BILBREY, J., concurring in result.

I fully concur with the majority decision as to defense counsel's failure to preserve the trial judge's lack of case-specific findings as required by section 92.54(5), Florida Statutes.

As to the failure to provide a means for Jonathan Knight to communicate with his counsel during the out of court testimony by the child victim, I believe this issue was preserved. Knight's counsel raised the issue during the hearing conducted under section 92.54, and Knight personally raised the issue with the trial judge after counsel left the courtroom to set up the victim's video testimony. Knight should have been provided "immediate and direct communication" with his counsel during the victim's testimony. § 92.54(4).

However, I believe any error in this regard was harmless. The harmless error standard applies to constitutional error. *See Goodwin v. State,* 751 So. 2d 537 (Fla. 1999). The harmless error standard therefore includes error regarding the right to counsel such as what occurred here. *See Leerdam v. State*, 891 So. 2d 1046 (Fla. 2d DCA 2004). Knight's counsel conducted a thorough cross-examination of the child victim, consisting of over twice the amount of questions as she was asked on direct examination. His counsel had a clear understanding of the relevant facts including various family members' interactions with the victim. Knight's counsel repeatedly attempted to impeach the credibility of the victim both regarding the crimes at issue and fact-specific collateral matters. It is apparent that Knight and his counsel had planned for and discussed the questioning of the victim prior to it occurring.

Because I believe any error in denying Knight "immediate and direct communication" with his counsel was harmless, I agree that

4

affirmance is the correct result. *See State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986); *Mincey v. State,* 684 So. 2d 236 (Fla. 1st DCA 1996).

———————————————

Candice Kaye Brower, Office of Civil Regional and Criminal Conflict Counsel, Gainesville, and Michael Jerome Titus, Assistant Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.