647 So.2d 251 (1994)
IN the INTEREST OF R.L.R., R.R., and C.R., Children.
No. 93-2547.
District Court of Appeal of Florida, First District.
November 28, 1994.
Rehearing Denied January 24, 1995.
*252 Gonzalo R. Andux, Jacksonville, for appellant.
Connie R. Clay, Asst. Dist. Legal Counsel, Jacksonville, for appellee Dept. of Health and Rehabilitative Services.
Tracy S. Carlin of Foley & Lardner, Jacksonville, for appellee guardian ad litem.
WEBSTER, Judge.
In this juvenile dependency case, appellant, the natural father of all three children, seeks review of orders adjudicating the children dependent and placing them in foster care. We conclude that the trial court failed to make findings sufficient to comply with section 90.803(23) of the Florida Evidence Code ("Hearsay Exception; Statement of Child Victim") before permitting testimony regarding previous out-of-court statements made by one of the children who was alleged to have been a victim of sexual abuse at the hands of appellant. Because we are unable to conclude that the admission of such testimony was clearly harmless error, we are constrained to reverse.
The adjudicatory hearing was held on the issues framed by an amended petition for dependency which alleged, among other things, that appellant had sexually abused R.R.; and that, because of that past abuse, all three children were at risk for prospective abuse by appellant. One of the first witnesses called to testify was Dr. Catherine Macyko, a pediatrician who had examined R.R. in response to an allegation that R.R. might have been sexually abused. When asked whether the physical examination had been "indicative of anything," Dr. Macyko replied that, "[f]rom the physical examination[,] there was nothing specific." When Dr. Macyko was asked what R.R. had told her, the attorney representing the mother objected on the ground that the question sought to elicit hearsay statements of the child. During the course of the ensuing discussion, it became clear that the basis for the objection was section 90.803(23) of the Florida Evidence Code; and that all concerned, including the trial court, understood the basis for the objection. The record clearly reflects that the attorney representing appellant joined in that objection. The trial court announced that it would reserve ruling on the objection until the testimony of additional witnesses had been presented, with the understanding that, if the predicate to admissibility of R.R.'s statements was not established, the testimony regarding those statements would be stricken. Similar objections were made to testimony from Demetria Wilburn, a child protective investigator with the Department of Health and Rehabilitative Services (HRS), and Canoy Roberson, a psychotherapist. It is clear from the record that everyone, including the trial court, recognized that these objections were also being interposed on behalf of both the mother and appellant.
The trial court's ruling manifests cognizance that, before testimony regarding the statements made by R.R. could be admitted, it was required to find "that the time, content, and circumstances of the statement[s] provide[d] sufficient safeguards of reliability" (§ 90.803(23)(a)1., Fla.Evid.Code); and that (because she did not testify) R.R. was "unavailable as a witness [and] ... there [was] other corroborative evidence of the abuse ..." (§ 90.803(23)(a)2.b., Fla.Evid.Code). The trial court was also clearly aware that it was obliged to "make specific findings of fact, on the record, as to the basis for its ruling... ." § 90.803(23)(c), Fla.Evid.Code. In support of its eventual ruling that the statements objected to were all admissible, the trial court made the following comments:

*253 I would find based upon the therapist's testimony that the child is unavailable pursuant to the statutes.
As of last summer [R.R.] was  well, her birthday is in February, February 28th, and so she was slightly over six years of age and she is close to seven at this time.
The therapist has testified that she does believe the child suffered substantial emotional or mental harm by what followed the disclosure last summer. And she described, and I don't think I have to go into more details as far as the present emotional state, if you would, of the child at this time.
And she does feel that there would be a substantial likelihood of emotional or mental harm if she is to testify before more people.
Now, I would find that her description of the ability of the child to relate incidents, occurrences, her first interview, spontaneous statements that she has validated by use of questions which are phrased so as to try to make sure that a child is either understanding or that it might put it in a different perspective to reply to see if her responses are consistent 
So, I would find from within this professional setting that there has been a sufficient predicate now laid for the admission of statements to this witness.
I would also find, based upon her testimony, that the statement of the child made to Dr. Macyko, combined with the doctor's testimony about that she was not using leading questions and the manner of questioning the child, again, I would find certainly reliable.
And so, I would overrule your objection as to those statements previously given. Also as to, I guess it was to the one statement from Ms. Wilburn in reply to Ms. Carlin's question about why [R.R.] was at the hospital, I had reserved ruling on that and again from the totality of this, I would find that that also would be admissible and overrule your objection on that.
Okay. So, I find the child to be unavailable to testify. And now, again, I think we also have to further evaluate the time, content, and the circumstances as we're going through this, and so that is certainly subject to further  but at this time, I'm satisfied, unless something else develops, that these statements are admissible.
No other findings were made pursuant to section 90.803(23).
Appellant argues that the trial court made insufficient findings to satisfy the prerequisites to admissibility of R.R.'s statements set forth in section 90.803(23)(a)1. and 2.b. and that, therefore, allowing the testimony regarding those statements constituted reversible error. Appellees (HRS and the Guardian ad Litem) respond that we should affirm because (1) appellant failed to object to the sufficiency of the trial court's findings and, therefore, the issue has not been preserved for review; and (2) assuming the issue has been preserved, the trial court's findings are sufficient to satisfy the requirements of section 90.803(23).
The outcome of this appeal is controlled by the recent decision in Hopkins v. State, 632 So.2d 1372 (Fla. 1994), which decision, obviously, had not been rendered when the trial court ruled upon appellant's objections. Hopkins requires that we reverse.
In Hopkins, the appellant argued, among other things, "that the trial court failed to make sufficient findings under section 90.803(23) to admit the out-of-court statements of the child victim." Id. at 1376 (footnote omitted). The court agreed. In doing so, it expressly rejected the first argument made by appellees here, holding that "defense counsel's objection to the reliability of the evidence [in the form of a hearsay objection] necessarily encompassed the sufficiency of the judge's findings as to that reliability. Counsel was not required to specify each finding of fact to which he was objecting." Id. It also held to be legally insufficient to satisfy the requirement that the trial court "make specific findings of fact" (§ 90.803(23)(c)) comments substantively indistinguishable from those made by the trial court in this case. Id. at 1376-77. Accord Feller v. State, 637 So.2d 911 (Fla. 1994); State v. Townsend, 635 So.2d 949 (Fla. 1994).
*254 In Hopkins, the court did hold that a failure to make the "specific findings of fact" required by section 90.803(23) is subject to a harmless error analysis. However, our careful review of the remaining evidence does not convince us that the improper admission of testimony regarding R.R.'s out-of-court statements was clearly harmless. Accordingly, we are constrained to reverse the orders of adjudication and disposition with regard to all three children; and, because the judge who presided over this matter is now retired, to remand with directions that a new adjudicatory hearing be held.
REVERSED and REMANDED, with directions.
BOOTH and ALLEN, JJ., concur.