855 So.2d 1236 (2003)
Michael WOMACK, Appellant,
v.
STATE of Florida, Appellee.
No. 02-468.
District Court of Appeal of Florida, First District.
October 14, 2003.
George F. Schaefer, Gainesville, for Appellant.
Charlie Crist, Attorney General; Robert R. Wheeler, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
POLSTON, J.
In this direct criminal appeal, appellant Michael Womack seeks reversal of his convictions for lewd or lascivious offenses committed upon or in the presence of a child in violation of section 800.04, Florida Statutes. We hold, without further comment, that the trial court did not abuse its discretion by excluding the expert *1237 testimony of Dr. Jones, a psychiatrist, proffered by appellant. Although a number of additional issues are raised by appellant, we find it necessary to only address the improper admission of hearsay testimony by failing to comply with section 90.803(23)(c), Florida Statutes (1999)("The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.").
The parties agree that the trial court did not make specific findings of fact on the record as required by section 90.803(23)(c). Nevertheless, the State argues, there is not reversible error because (i) appellant's general objection to the child hearsay statements failed to preserve this issue for appellate review, and (ii) the reliability of the child hearsay statements was established through the testimony of other witnesses.
First, we hold that appellant's general objection, recognized by the trial court as a continuing objection, preserved the issue for appeal. See In the Interest of R.L.R., 647 So.2d 251, 253 (Fla. 1st DCA 1994); Mathis v. State, 682 So.2d 175, 178 (Fla. 1st DCA 1996); Hopkins v. State, 632 So.2d 1372, 1376 (Fla.1994). We reject the State's second argument because "if the trial court's findings are insufficient to comply with the statute, a reviewing court should not look behind those findings to determine whether, notwithstanding the insufficiency of the findings, the evidence is sufficient to sustain the trial court's ruling regarding admissibility of the statement." Mathis, 682 So.2d at 178.
Therefore, we are constrained to reverse appellant's convictions and sentences, and remand the case for retrial.
KAHN and WEBSTER, JJ., concur.