HAWKES, J.
Appellant, G.H., challenges his delinquency adjudication on two grounds. First, Appellant challenges the trial court’s finding that the child witness was competent to testify. We affirm this issue without comment. Second, Appellant argues the trial court’s findings of reliability pertaining to child hearsay statements were insufficient. We agree. However, under the facts of this case, the error was harmless. Accordingly, we affirm.

FACTUAL & PROCEDURAL HISTORY

Appellant was charged with sexual battery on a child under the age of twelve, and a bench trial was held. Over objection, the child directly testified in detail about alleged incidents of sexual abuse by Appellant, using male and female dolls, and pictures the child had previously drawn. Although when compared to her prior deposition testimony, the child testified inconsistently about some issues, the child’s description of the alleged sexual abuse remained consistent.
The child’s mother testified that, after she noticed a change in the child’s behavior, she asked the child whether anyone had touched her in an improper way. The child told her mother that someone with Appellant’s first name touched her, and the child was afraid to reveal this information because that person threatened her.
At this point, defense counsel asked for a ruling on child hearsay statements. After the court noted it would allow the testimony, the State asked: “Your honor, is the Court ruling that the statements are reliable and trustworthy, and therefore they are able to be admitted into evidence?” The court responded: “I find specifically that the statements are reliable and trustworthy, the testimony I’ve heard in this trial thus far.” Ultimately, Appellant was adjudicated delinquent.

*835
REQUIREMENTS FOR ADMISSION OF CHILD HEARSAY

When determining whether to admit child hearsay statements regarding abuse (here, the mother’s testimony), courts must find the time, content, and circumstances of the statement provide sufficient safeguards of ' reliability. See § 90.803(23)(a)(l), Fla. Stat. (2004); State v. Townsend, 635 So.2d 949, 954 (Fla.1994). Both statutory and case law provide suggested factors for courts to consider in making this determination. See § 90.803(23)(a)(l), Fla. Stat.; Townsend, 635 So.2d at 957-58. However,, in all cases, courts must make specific findings of fact, on the record, regarding the reliability of the statement. See § 90.803(23)(c), Fla. Stat. (2004). Conclu-sory assertions of reliability, or boilerplate recitations of the statutory language are insufficient. See Townsend, 635 So.2d at 958; Hopkins v. State, 632 So.2d 1372, 1376-77 (Fla.1994); Barton v. State, 704 So.2d 569, 575 (Fla. 1st DCA 1997); Mathis v. State, 682 So.2d 175, 179 (Fla. 1st DCA 1996); Griffin v. State, 526 So.2d 752, 757-58 (Fla. 1st DCA 1988).
Here, the trial court’s statement: “I find specifically that the statements are reliable and trustworthy, the testimony I’ve heard in this trial thus far,” was con-clusory and inadequate. See Townsend, 635 So.2d at 957. Thus, we must determine whether there is a reasonable possibility that this error affected the verdict. See State v. DiGiulio, 491 So.2d 1129, 1139 (Fla.1986). The burden to show the error was harmless remains with the State. See id.
In a case very similar to this one, where the State’s case rested primarily on a child’s direct testimony, corroborated by the child’s hearsay statements, we found the absence of specific findings of reliability to be harmful. See Mathis, 682 So.2d at 179-80. We opined that, because the child’s direct testimony was “vague and confused,” the jury might have given considerable weight to the hearsay statements, which were recited by. a law enforcement officer. Id. at 179. Conversely, here, the child’s statements of abuse remained consistent, and the trial court was the fact-finder. Thus Mathis is both factually and procedurally distinguishable.
Although harmful error has been found in non-jury cases where the court failed to make specific findings of reliability, those cases are also factually distinguishable because, in each case, the child was unavailable to testify.[1] See In the Interest of R.L.R., 647 So.2d 251 (Fla. 1st DCA 1994); In the Interest of D.P., 709 So.2d 633 (Fla. 2d DCA 1998); A.E. v. State, 668 So.2d 704 (Fla. 5th DCA 1996).
Here, even without the hearsay statements, the trial court had the child’s direct testimony, prior deposition testimony, and drawings to consider. We find these facts and this record sufficient to conclude, beyond a reasonable doubt, that the mother’s hearsay testimony did not contribute to the verdict, thus rendering admission of the hearsay statements harmless. See DiGuilio, 491 So.2d at 1139. *836 The adjudication of delinquency is AFFIRMED.
ERVIN and DAVIS, JJ., Concur.

. Although we found harmful error where a child directly testified in a non-jury case, that decision was based on a review -of the record, and no details were provided. See M.W. v. Dep’t of Health and Rehab. Servs., 651 So.2d 754, 755 (Fla. 1st DCA 1995). Thus, that case presents no guidance here.
In other non-jury cáses where the child directly testified, the lower courts made sufficient findings, thus no harmless error analysis was required. See Dep’t of Health and Rehab. Servs. v. M.B., 701 So.2d 1155, 1160-62 (Fla.1997); M.H. v. Dep't of Health and Rehab. Servs., 703 So.2d 1195, 1198 (Fla. 1st DCA 1997)..