954 So.2d 104 (2007)
Thomas ELWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-907.
District Court of Appeal of Florida, Second District.
April 25, 2007.
James Marion Moorman, Public Defender, and James C. Banks, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Thomas Elwell appeals his conviction for attempted lewd and lascivious molestation. *105 We affirm his conviction but write to address Elwell's argument that the trial court made insufficient factual findings in ruling that child-hearsay testimony was admissible. Because Elwell failed to make a contemporaneous objection, we conclude that this issue is unpreserved.

I. Background

Elwell was charged with lewd and lascivious molestation. The alleged victim was the eleven-year-old nephew of a friend of Elwell. Prior to trial, the State filed a notice of intent to introduce child-hearsay statements and the defense filed a motion to strike the notice. The trial court held a hearing on the issue. At the hearing, the victim testified to the events surrounding the offense and an investigating officer testified regarding the victim's statements to him. At a continued hearing held the day before trial, the State introduced the victim's grandfather, who testified regarding statements made to him by the victim the morning after the offense.
At the close of the pretrial hearing, the trial court ruled that the officer's statements were inadmissible but that the grandfather's statements were admissible: "I agree with [defense counsel] about the officer. I don't think I'll let his testimony in. But I believe everything [the grandfather] testified to today is admissible and relevant, and it will come in." The trial court made no further findings. After the trial court made its ruling at the conclusion of the pretrial hearing, the trial court asked if there was anything else and Elwell's counsel made no response. The proceedings then concluded. At no point in the pretrial or trial proceedings did Elwell offer an objection regarding the trial court's findings.
At trial, the grandfather testified regarding the victim's statements to him. The victim and the victim's aunt, Elwell's friend, also testified. The jury returned a guilty verdict for the lesser-included offense of attempted lewd and lascivious molestation. The trial court sentenced Elwell to thirty years' imprisonment as a habitual violent felony offender.

II. Argument on Appeal

On appeal, Elwell argues that the trial court erred in failing to make the specific findings required by section 90.803(23), Florida Statutes (2003),[1] before admitting the child-hearsay statements into evidence. Elwell also contends that the admission of the child-hearsay testimony was harmful error because it bolstered the credibility of the child victim.
The State responds that Elwell failed to preserve the specific objection he now makes. The State also argues that it makes no difference whether the trial court deems the hearsay statements to be reliable because Elwell had an opportunity to cross-examine the victim prior to trial.

III. Analysis

A. General Requirements Regarding Preservation of Error

Section 924.051, Florida Statutes (2003), which was originally adopted in 1996, provides in subsection (3):

*106 An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(Emphasis added.) Preserved is defined to mean "that an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b) (emphasis added).
Proper preservation thus involves these components:
First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, "[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." The purpose of this rule is to "place[ ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings."
Harrell v. State, 894 So.2d 935, 940 (Fla. 2005) (alterations in original) (citations omitted).
B. The Case Law Regarding the Preservation of Objections Concerning the Sufficiency of Findings Under Section 90.803(23)
This court has held that a defendant must object to the sufficiency of the trial court's findings regarding the admissibility of child-hearsay statements in order to raise the legal error on appeal. See Poukner v. State, 556 So.2d 1231, 1232 (Fla. 2d DCA 1990) ("Poukner contends that the trial court erred in admitting the hearsay statements of the child victims because [it] failed to make the specific findings required in section 90.803(23), Florida Statutes (1985). This issue was not preserved for our review as no objection was made when the trial court found the statements admissible."); Stone v. State, 547 So.2d 657, 660 (Fla. 2d DCA 1989) ("[D]efense counsel did not object to the sufficiency of the trial court's findings. Except in cases of fundamental error, this court will not consider an issue unless it was specifically raised as the legal basis for the objection in the trial court.")
In Hopkins v. State, 632 So.2d 1372 (Fla.1994), Hopkins challenged both the sufficiency of the factual findings under section 92.54, Florida Statutes (1989) (the statute allowing a child to testify outside of the courtroom after the trial court has made specific findings of fact) and the sufficiency of the factual findings under section 90.803(23), Florida Statutes (1989). Prior to the child's testimony, Hopkins objected to the child's being permitted to testify outside the presence of the jury and the defendant. Id. at 1375. The court held that "[a]lthough the objection did not specifically address the sufficiency of the factual findings under section 92.54, it properly raised the issue of Hopkins' constitutional right `to be confronted with the witnesses against him.'" Id. (quoting Amend. VI, U.S. Const.); Fla. R.App. P. 9.800(n). The court also held that "the factual findings required by section 92.54 are necessarily related to the constitutional right to confrontation." Id. The court concluded that "defense counsel's `confrontation *107 rights' objection necessarily called into question whether the statutory procedures had been followed" and that the issue was preserved for appeal. Id. at 1375-76.
As for the findings under section 90.803(23), Hopkins objected at the close of the pretrial hearing "to the admissibility of the hearsay statements, arguing that there was no showing of reliability." 632 So.2d at 1376. The trial court then made its findings and conclusions  which were insufficient  and proceeded with the trial. "During the testimony of the first witness, defense counsel objected three times to the admission of the hearsay statements. At one point, defense counsel asked for a continuing objection, which the trial court denied." Id. The supreme court held:
Although it would have been preferable for defense counsel to object each time the hearsay testimony was introduced, we find that the issue was preserved for appeal. The trial court was put on notice of the potential error by the pretrial hearing and by defense counsel's request for a continuing objection during trial. As discussed above, defense counsel's objection to the reliability of the evidence necessarily encompassed the sufficiency of the judge's findings as to that reliability.

Id. (emphasis added).
After Hopkins, the Florida Supreme Court decided State v. Townsend, 635 So.2d 949 (Fla.1994). In Townsend, the court held that the trial court did not satisfy the requirements of section 90.803(23) because the trial court did not provide an explanation or factual findings to support its conclusion that the child-hearsay statements were reliable. 635 So.2d at 958. However, the court indicated that an objection to the lack of sufficient findings is necessary in order to raise the issue on appeal: "It is questionable . . . whether Townsend properly preserved . . . issues, such as the failure of the trial judge to make specific factual findings regarding the reliability of the child's statements." Id. at 959. The court recognized that
the failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error. Consequently, were we not reviewing these errors as a whole, we might find that some of the errors to which no objection was made were procedurally barred. When, however, we consider the errors in this case as a whole, we must conclude that Townsend was denied the fundamental right to due process and the right to a fair trial.
Id. at 959-60 (citations omitted). The supreme court cited Jones v. State, 610 So.2d 105, 105-06 (Fla. 3d DCA 1992), which held that the argument that factual findings under section 90.803(23) "should have been made in more detail" was "not preserved for appellate review, because no contemporaneous objection was made to the sufficiency of the trial court's findings." Jones, in turn, cited this court's decisions in Stone, 547 So.2d 657, and Poukner, 556 So.2d 1231.
In Rios v. State, 791 So.2d 1208, 1209 (Fla. 5th DCA 2001), the Fifth District, citing Townsend and Jones, held that a defendant who argued "that the trial court erred in admitting the child hearsay statements" had "failed to preserve this argument for appeal" because "he failed to make contemporaneous objections to the trial court's findings."
Since Hopkins and Townsend, however, some decisions of other districts have held that objections or challenges to the child-hearsay statements made prior to the trial court's rulings are sufficient to preserve for appeal the issue of the sufficiency of the trial court's findings.
*108 In Heuss v. State, 660 So.2d 1052, 1056 (Fla. 4th DCA 1995), the State argued "that appellant did not preserve this issue for review because he failed to object to the lack of specific findings concerning the reliability of the children's hearsay statements." The court noted that "[t]he record, however, contains numerous objections by appellant to the admission of these statements." Id.

In pretrial motions, appellant challenged the trustworthiness and reliability of the child-victims' statements based upon possible contamination of the children's statements as a result of discussions with their parents and other children; leading questions by Child A's mother and the deputies; untimeliness of the statements in relation to the events; and the lack of spontaneity of the children's statements. We hold that appellant adequately preserved this issue for appellate review.
Id. (emphasis added).
In In re R.L.R., 647 So.2d 251, 252 (Fla. 1st DCA 1995), the father objected during an adjudicatory hearing on a petition for termination of parental rights to the admission of child-hearsay statements on the basis of section 90.803(23). The trial court reserved ruling on the statements and later ruled them to be admissible. On appeal, the father challenged the trial court's findings as insufficient under section 90.803(23). Id. at 253. The agency argued that the father had failed to object to the sufficiency of the trial court's findings and therefore the issue had not been preserved for review. Id. Relying on Hopkins, the court held that counsel's objection made prior to the trial court's ruling encompassed the sufficiency of the judge's findings. Id.
Other decisions have held the issue to be preserved based on objections made after the trial court ruled on the admissibility of the statements.
In Mathis v. State, 682 So.2d 175, 177 (Fla. 1st DCA 1996), the appellant "immediately objected" to the trial court's findings regarding the reliability of the child-hearsay statements. Prior to the introduction of the child-hearsay statements at trial, the "trial court acknowledged the previous objection of appellant's counsel, and indicated that it would treat the objection as a continuing one." Id. The First District found "unpersuasive the state's argument that this issue was not preserved for appellate review." Id. at 178. Based on Hopkins and In re R.L.R., the court held that the trial court was put on notice of the potential error. Id. "It seems to us relatively clear from a reading of the relevant portions of the record that both the state and the trial court understood that the objection made by appellant's counsel went to the legal sufficiency of the trial court's findings." Id.
In Womack v. State, 855 So.2d 1236, 1237 (Fla. 1st DCA 2003), the parties agreed "that the trial court did not make specific findings of fact on the record as required by section 90.803(23)(c)" but the State argued that "there is not reversible error because . . . appellant's general objection to the child hearsay statements failed to preserve this issue for appellate review." Relying on Hopkins and In re R.L.R., the court held "that appellant's general objection, recognized by the trial court as a continuing objection, preserved the issue for appeal." Womack, 855 So.2d at 1237. It is not clear from the opinion when appellant raised the "general objection."

C. Application of the Law to the Instant Case

At the hearing on the child-hearsay statements, Elwell argued that the child did not make the statements at the first *109 available opportunity and that the child may have had a motive to make his story up. These arguments relate to the reliability of the child-hearsay statements. See Townsend, 635 So.2d at 957-58 (holding that in determining whether the statements are trustworthy and reliable, the trial court may consider, among other things, "whether the statement was made at the first available opportunity following the alleged incident" and "the motive or lack thereof to fabricate the statement").
Prior to raising the issue in this appeal, Elwell never raised any objection concerning the sufficiency of the trial court's findings under section 90.803(23). Elwell's objection to the reliability of the child-hearsay statements was not sufficient to preserve the specific issue that he now raises on appeal. See Townsend, 635 So.2d at 958. The trial court was never placed on notice of any error with respect to its findings and thus was never given an opportunity to correct the deficiency in the findings. See Harrell, 894 So.2d at 940. Accordingly, under the general rules governing preservation of error, the issue of the sufficiency of the findings was clearly unpreserved.
We conclude that Hopkins is distinguishable from the instant case because the holding in Hopkins was predicated on the defendant's assertion of his confrontation rights. The Hopkins court first addressed the trial court's lack of findings under section 92.54 and held that the defendant's confrontation clause objection encompassed the trial court's lack of findings as required under the statutory procedures intended to protect the defendant's right to confrontation. 632 So.2d at 1375. The court then applied this same reasoning to the section 90.803(23) issue. The court noted that "[f]ailure to make specific findings" under section 90.803(23) "implicates the defendant's constitutional right to confrontation" and that "the constitutional right to face-to-face confrontation is involved in both evidentiary issues raised in this case." Id. at 1377.
Here, Elwell did not raise an issue regarding his confrontation rights. Because the victim testified at trial, thus giving Elwell an opportunity to cross-examine him, Elwell's confrontation rights were not implicated. See Somervell v. State, 883 So.2d 836, 837 (Fla. 5th DCA 2004) (holding that the defendant's confrontation rights were not implicated by the introduction of a child's videotaped statement because the child testified, giving the defendant "a full and complete opportunity to confront and cross-examine him").
We decline to adopt the view that Hopkins eliminates in all cases involving objections to child hearsay the requirement that a defendant preserve the specific issue he seeks to argue on appeal. We also note that Hopkins was decided prior to the adoption of section 924.051, with its exacting requirements regarding the preservation of error.

IV. Conclusion

Elwell did not properly preserve for appeal his argument that the trial court failed to make specific factual findings as required by section 90.803(23). In addition, "the failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error." Townsend, 635 So.2d at 959.
Affirmed.
DAVIS, J., Concurs.
FULMER, C.J., Concurs specially.
FULMER, Chief Judge, Specially concurring.
I agree that Elwell's conviction should be affirmed. However, contrary to the *110 majority view, it is my view that under the reasoning in Hopkins v. State, 632 So.2d 1372 (Fla.1994), Elwell's challenge to the admission of child-hearsay statements was preserved for review. Nevertheless, having reviewed the testimony presented at trial, I must conclude that the trial court's error in admitting the child-hearsay statement without first making sufficient findings of fact as required by section 90.803(23), Florida Statutes (2003), is harmless beyond a reasonable doubt.
NOTES
[1] An out-of-court statement of a child "with a physical, mental, emotional, or developmental age of 11 or less" describing an act of abuse is admissible in any proceeding if:

1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate. . . .
§ 90.803(23)(a). The trial court is required to "make specific findings of fact, on the record, as to the basis for its ruling." § 90.803(23)(c).