CLARK, J.
The appellant challenges convictions for sex offenses committed on two child victims, with those convictions being obtained in a jury trial where the evidence included a recording of one victim’s Child Protection Team interview when she reported the sex abuse. The appellant contends that the trial court’s order allowing this evidence lacks sufficiently detailed findings to permit admissibility under section 90.803(23), Florida Statutes. However, the order does contain sufficient findings, and furthermore the appellant did not preserve the issue for appeal as he did not contest the sufficiency of the findings while in the trial court.
Before trial, the state filed a notice of its intent to introduce statements from the Child Protection Team interview into evidence, pursuant to section 90.803(23). At a pre-trial hearing the court heard testimony as to the circumstances under which the interview was conducted, and the Child Protection Team member’s interaction with the child there, as well as a prior interview and the team member’s earlier contact with the child. The appellant subsequently argued that the child’s statements were not shown to be reliable enough to satisfy the requirements of section 90.803(23). However, the trial court indicated that it would allow the evidence under section 90.803(23), and the court thereafter entered the written order which the appellant is now challenging in this appeal.
Although the appellant claims that the written order lacks sufficiently detailed findings, the appellant did not make that argument in the trial court and did not otherwise raise any issue then as to the *941 adequacy of the written findings. Instead, the appellant let the case go to trial without raising the issue, and after being convicted he now attempts to interject this issue on appeal. But because the appellant did not raise the issue in the trial court, where a claimed deficiency in the written order could be corrected, the issue has not been preserved for appeal. Elwell v. State, 954 So.2d 104 (Fla. 2d DCA 2007); see also, e.g., Harrell v. State, 894 So.2d 935 (Fla.2005).
AFFIRMED.
DAVIS and ROWE, JJ., concur.