# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3977
_____

RONALD LEE COLEMAN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

September 14, 2020


WINOKUR, J.

Ronald Coleman was found guilty and convicted of two counts of sexual battery on a person between the ages of 12 and 18. Among the State's evidence at trial was the testimony of the victim as well as two witnesses who the victim discussed these incidents with. Coleman argues that the trial court erred by failing to make specific factual findings in concluding that the victim's hearsay statements were trustworthy and reliable. However, Coleman did not make this argument in the trial court, so we affirm.[1]

_____

[1] We affirm without further comment as to Coleman's other arguments.

The State filed two notices of its intent to admit child-hearsay evidence pursuant to section 90.803(23), Florida Statutes. At a pretrial hearing, two witnesses—a woman who the victim described as her godmother and a case coordinator with a child protective team—testified that the victim disclosed Coleman's sexual batteries against her to them, and discussed the circumstances surrounding these conversations. After the witnesses' testimony at the pretrial hearing, Coleman referenced his written motion to exclude this hearsay testimony and added that the victim was untrustworthy, the circumstances surrounding the statements did not demonstrate reliability, and that the victim had a motive to fabricate allegations against him. The trial court referenced the circumstances surrounding the first conversation, with the victim's godmother, found them to sufficiently indicate reliability under *State v. Townsend*,[2] and ruled that it would allow these statements to be admitted. The trial court stated that it would review the recorded interview with the child protective coordinator before ruling on that notice. The trial court then entered an order admitting the recorded-interview statements, which referenced the factors mentioned in *Townsend* and section 90.803(23)(a)1., and briefly summarized why the statements were sufficiently reliable to be admitted at trial.

At the trial approximately five months later, the victim and both hearsay witnesses testified, as well as the victim's mother, a nurse practitioner, investigator, and *Williams*[3] Rule witness who testified that Coleman similarly raped her years ago when she was a child. The jury found Coleman guilty as charged.

On appeal, Coleman argues that the trial court failed to make sufficiently detailed and specific factual findings to support the admission of child-hearsay statements. *See* § 90.803(23)(c), Fla. Stat. ("The court shall make specific findings of fact, on the

---

[2] *State v. Townsend*, 635 So. 2d 949, 957–58 (Fla. 1994) (discussing factors that a trial court must and may consider in determining whether a hearsay statement is reliable).

[3] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

record, as to the basis for its ruling under this subsection.").[4] This argument was never placed before the trial court however, and is unpreserved. In *Elwell v. State*, 954 So. 2d 104, 109 (Fla. 2d DCA 2007), the defendant argued that the victim's statements were unreliable during the pretrial hearing and, prior to appeal, "never raised any objection concerning the sufficiency of the trial court's findings under section 90.803(23)." Because the "trial court was never placed on notice of any error with respect to its findings and thus was never given an opportunity to correct the deficiency in the findings," the "issue of the sufficiency of the findings was clearly unpreserved." *Id.* We ruled similarly in *McCloud v. State*, 91 So. 3d 940 (Fla. 1st DCA 2012):

> Although the appellant claims that the written order lacks sufficiently detailed findings, the appellant did not make that argument in the trial court and did not otherwise raise any issue then as to the adequacy of the written findings. Instead, the appellant let the case go to trial without raising the issue, and after being convicted he now attempts to interject this issue on appeal. But because the appellant did not raise the issue in the trial court, where a claimed deficiency in the written order could be corrected, the issue has not been preserved for appeal.

---

[4] *See also, e.g.*, *Townsend*, 635 So. 2d at 958 ("[T]he trial judge merely listed each of the statements to be considered and summarily concluded, without explanation or factual findings, that the time, content, and circumstances of the statements to be admitted at trial were sufficient to reflect that the statements were reliable. This finding is clearly insufficient[.]"); *Hopkins v. State*, 632 So. 2d 1372, 1377 (Fla. 1994) ("Mere recitation of the boilerplate language of the statute, as the trial court did here, is not sufficient."); *G.H. v. State*, 896 So. 2d 833, 835 (Fla. 1st DCA 2005) (holding that "courts must make specific findings of fact, on the record, regarding the reliability of the statement" under section 90.803(23)," and "the trial court's statement: 'I find specifically that the statements are reliable and trustworthy, the testimony I've heard in this trial thus far,' was conclusory and inadequate").

*Id.* at 940–41; *see also Cowan v. State*, 165 So. 3d 58 (Fla. 1st DCA 2015).[5]

Coleman argued pretrial that the victim's statements to the two hearsay witnesses were unreliable, and later renewed this argument and made general objections to hearsay. But Coleman never asserted that the trial court's findings were legally insufficient, which would permit the court to review and correct its findings if necessary. Therefore, his argument is unpreserved, and we affirm the judgment and sentence.

AFFIRMED.

M.K. THOMAS, J., concurs with opinion; MAKAR, J., dissents with opinion.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

[5] We reject the dissent's contention that *Hopkins* requires a different result. *McCloud* relies on *Elwell*, and *Elwell* explicitly distinguishes *Hopkins*, so we make no claim that *Elwell* "trumps" *Hopkins*. We also reject the suggestion that the preservation finding was dicta in *McCloud*. While it is true that the opinion mentioned in passing that the order contained sufficient findings to support admission, it obviously affirmed primarily because the issue was not preserved for review, which is the subject of the entire opinion. We note also that *Cowan* applied *McCloud* on the same rule of law. Finally, we reject the contention that this issue is controlled by *In Interest of R.L.R.*, 647 So. 2d 251 (Fla. 1st DCA 1994). To the extent that *R.L.R.* may conflict with *McCloud* or *Cowan*, we are obligated to follow the more recent decisions. *See R.J. Reynolds Tobacco Co. v. Marotta,* 214 So. 3d 590, 604 (Fla. 2017) (holding "where intradistrict conflict exists, the decision later in time overrules the former as the decisional law of the district" (citing *Little v. State*, 206 So. 2d 9, 10 (Fla. 1968))).

M.K. THOMAS, J., concurs with opinion.

I agree with the majority opinion. However, I write to address precedent on the issue of preservation in this context. This court has consistently applied the precedents of *Hopkins v. State*, 632 So. 2d 1372 (Fla. 1994), and *State v. Townsend*, 635 So. 2d 949 (Fla. 1994), and the subsequent Legislative enactment of section 924.051(3), Florida Statutes (1996), when determining preservation for purposes of appeal of claims that an order or ruling admitting child hearsay testimony is insufficient. Accordingly, Appellant's judgment and sentence must be affirmed. Respectfully, I do not regard *Hopkins* and *Townsend* as establishing preservation for purposes of appeal of sufficiency challenges under section 90.803(23)(c), Florida Statutes. Instead, *Hopkins* and *Townsend* require an appellate court's "whole record review" to determine whether, *following a ruling* on a defendant's objection to the reliability of child hearsay testimony, the defendant adequately placed the trial court on notice of a sufficiency challenge under section 90.803(23)(c). Under this approach, each case turns on its unique factual and procedural backdrop.

In *Hopkins*, after a lengthy hearing on the matter, the trial court orally denied Hopkins' motion to suppress, and the trial immediately began. 632 So. 2d at 1376. Thus, no written order was entered. When the witnesses were called to testify at trial, Hopkins continued to raise objections to "the admission of the hearsay statements" and requested that the trial court recognize a continuing objection. *Id.* The trial court denied the request. *Id.* In reaching its decision, the supreme court focused on whether sufficient notice was provided to the trial court under the circumstances. *Id.* Despite it opining that "it would have been preferable for defense counsel to object each time the hearsay testimony was introduced," the supreme court determined that, under the facts, "[t]he trial court was put on notice of the potential error by the pretrial hearing and by defense counsel's request for a continuing objection during trial." *Id.*

Just two months after *Hopkins*, the supreme court again addressed preservation of sufficiency challenges under section 90.803(23)(c). *See Townsend*, 635 So. 2d 949. In *Townsend*, the

5

trial court failed to provide an explanation or factual findings to support its conclusion that the child-hearsay statements were reliable. *Id.* at 958. However, the supreme court unanimously declared that an objection to the lack of sufficient findings by the trial court was necessary for Townsend to raise the issue on appeal, stating, "It is questionable . . . whether Townsend properly preserved . . . issues, such as the failure of the trial judge to make specific factual findings regarding the reliability of the child's statements." *Id.* at 959. Reiterating that "the failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error," the court turned to whether Townsend had preserved the sufficiency challenge for appeal. *Id.* at 959. The court noted that it reached its conclusion by considering the "errors as a whole," and explained as follows:

> Consequently, were we not reviewing these errors as a whole, we might find that some of the errors to which no objection was made were procedurally barred. When, however, we consider the errors in this case as a whole, we must conclude that Townsend was denied the fundamental right to due process and the right to a fair trial.

> *Id.* at 959-60 (citations omitted).

In *Townsend*, the supreme court cited *Jones v. State,* 610 So. 2d 105, 105–06 (Fla. 3d DCA 1992), which held that a challenge to the factual findings under section 90.803(23) "should have been made in more detail" and was "not preserved for appellate review, because no contemporaneous objection was made to the sufficiency of the trial court's findings." *Id.* at 959. The supreme court applied a whole record review, not a quest for specific magic words, to determine whether the trial court was placed on notice. *Townsend* clearly dispelled any interpretation of *Hopkins* that the supreme court adopted an automatic preservation rule for sufficiency challenges once a defendant objects to the reliability of the child hearsay statements.

In the wake of *Townsend*, a "whole record review" has been applied by this Court to determine preservation of subsection (23)(c) sufficiency challenges. *See Mathis v. State*, 682 So. 2d 175,

6

178 (Fla. 1st DCA 1996) (concluding that the trial court understood the defendant's objection was based on the legal sufficiency of the court's findings and ruling that the court had been put on notice of the potential error under *Hopkins*); *In the Interest of R.L.R.,* 647 So. 2d 251 (Fla. 1st DCA 1994) (holding the issue of sufficiency of findings pursuant to section 90.803(23) preserved for review because, read in context, objection clearly put parties and court on notice of its basis).

Two years after *Townsend*, the Legislature enacted section 924.051(3) as part of the Criminal Appeal Reform Act of 1996. Subsection (3) incorporated the "whole record review" analysis and fortified preservation requirements. The statute provides as follows:

> An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is *properly preserved* or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was *properly preserved in the trial court* or, if not properly preserved, would constitute fundamental error.

§ 924.051(3), Fla. Stat. (emphasis added). The supreme court later acknowledged that "it is clear from the language of section 924.051(3) that the Legislature intended to condition reversal of a conviction on the existence of either an error that was preserved and prejudicial or an unpreserved error that constitutes fundamental error." *State v. Jefferson*, 758 So. 2d 661, 664 (Fla. 2000).

Following enactment of section 924.051, this Court continues to properly apply its mandates. *See Knight v. State*, 254 So. 3d 642, 644 (Fla. 1st DCA 2018) (holding appellant did not preserve any argument on the sufficiency of the trial court order); *Rodriguez v. State*, 120 So. 3d 656, 657 (Fla. 1st DCA 2013) ("Absent a definitive pre-trial ruling, appellant was required to object to the admission of the child hearsay testimony at trial."); *McCloud v. State*, 91 So. 3d 940, 940–41 (Fla. 1st DCA 2012)

7

(holding appellant did not preserve the issue for appeal as he did not contest the sufficiency of the findings while in the trial court); *Womack v. State,* 855 So. 2d 1236, 1237 (Fla. 1st DCA 2003) ("[A]ppellant's general objection, recognized by the trial court as a continuing objection, preserved the issue for appeal.").

In *Elwell v. State*, 954 So. 2d 104 (Fla. 2d DCA 2007), then-Judge Canady authored an insightful opinion addressing inter-district conflict regarding preservation of sufficiency challenges. Artfully, he distinguished the cases in which reliability objections to child hearsay testimony were raised *before* the trial court's ruling on admissibility from those objections raised *after* the trial court's ruling, *id.* at 107–08, a critical distinction when applying the "whole record review" analysis. Then-Judge Canady further emphasized the context in which the objections were raised—a request for continuing objection or objections raised immediately following an oral pronouncement by the trial court but just before trial began. *Id.* In *Elwell*, the Second District declined to adopt a reading of *Hopkins* as imposing an automatic preservation rule for sufficiency challenges upon the raising of a reliability objection and further distinguished *Hopkins* as preceding the adoption of section 924.051, with its "exacting requirements regarding the preservation of error." *Id.*

Our dissenting colleague expresses discomfort with the majority opinion and this Court's opinion in *In re R.L.R.*, 647 So. 2d 251 (Fla. 1st DCA 1995). I regard the case as a distinguishable outlier which does not pose contrary precedent. The setting of *R.L.R.* was an adjudicatory hearing on an amended petition for dependency which alleged that the appellant had sexually abused his child. *Id.* at 252. During the hearing, a pediatrician who examined the child was asked a question potentially eliciting child hearsay. *Id.* The appellant objected and questioned the reliability of the child hearsay under section 90.803(23)(a). *Id.* The trial court allowed the testimony to proceed, with a caveat regarding establishment of a proper predicate for admissibility or the testimony would not be considered. *Id.* Following all testimony, the trial court ruled the testimony admissible. *Id.* After the hearing, the trial court issued a written order on dependency. *Id.* On appeal, this Court allowed the appellant to assert a sufficiency challenge under 90.803(23)(c), finding the

8

objections in the context of the record were enough for appellate preservation and that introduction of the testimony was likely not harmless error. *Id.* at 254. Citing *Hopkins*, this Court did not apply an automatic preservation rule but, based on the record, determined the sufficiency challenge was preserved. *Id.* at 253–54. Notably, *R.L.R.* also cites to *Townsend*—the opinion issued by the supreme court two months after Hopkins and which clarified it was not adopting an automatic preservation rule. *Id.* at 253. Lastly, the decision in *R.L.R.* preceded the adoption of section 924.051, which sets forth requirements for preservation.

No party "should be able to argue for reversal on appeal on grounds that the trial court failed to make a critical factual finding on the record without first objecting on that basis—and giving the trial court an opportunity to correct any error at that time." *Spencer v. State*, 238 So. 3d 708, 723 (Fla. 2018) (Lawson, J., concurring) (citing *Elwell*, 954 So. 2d 104, with approval). Here, Coleman failed to place the trial court on notice of any issue he took with the sufficiency of the ruling. The trial court conducted a lengthy pre-trial hearing and orally pronounced a partial denial of his motion and reserved ruling on the remainder. Coleman raised no objections upon the partial oral pronouncement. Subsequently, the trial court issued a multi-page order denying the remainder of Coleman's motion to suppress and providing the reasoning. Coleman did not file a motion for rehearing nor any other pleading challenging the sufficiency of the order pursuant to 90.803(23)(c). Five months later when the trial began, Coleman renewed his prior motion as to *Williams*[*] rule evidence and a statement of particulars but raised no objections to the adequacy of the trial court's ruling. All other objections raised were identical to those from the motion to suppress hearing. In fact, at a hearing on Coleman's motion for new trial, he "renew[ed] all the grounds that are stated in the motion," referring to the original motion to suppress. Accordingly, the trial court was never placed on notice of any error with respect to its findings and, thus, was never given an opportunity to correct any deficiency.

---

[*] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

9

Separate and apart from reliability factors enumerated in section 90.803(23)(a), subpart (c) requires that "[t]he court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection." A sufficiency challenge relates not to the merits of the section 90.803(23)(a) analysis but to the contents or breadth of the challenged order. Thus, if the initial objection to admissibility of child hearsay testimony is that of reliability and such an objection is a necessary precursor to a trial court's ruling—how can a pre-order objection to reliability, without more, be deemed preservation of a challenge to the contents of an order not yet entered? Automatic preservation in this context is a hysteron proteron. That is, a logical fallacy that an objection to reliability of child hearsay statements necessarily deems any forthcoming order of denial as substantively deficient.

Objections are required to "place[] the trial judge on notice that error may have been committed, and provide[] him an opportunity to correct it at an early stage of the proceedings." *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (quoting *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978)). Coleman did not afford the trial court the opportunity to correct any alleged errors regarding the sufficiency of its ruling. Accordingly, a sufficiency challenge under section 90.803(23)(c), was not preserved for appeal.

MAKAR, J., dissenting.

Ronald Lee Coleman argued pretrial that statements by the victim to two hearsay witnesses were unreliable and untrustworthy; he later renewed this argument and made general objections. In doing so, Coleman's counsel properly preserved the claim that the trial court erred in its findings as to trustworthiness and reliability that were necessary to allow the child hearsay testimony in this case under section 90.803(23), Florida Statutes (2020).

The State initially conceded that Coleman preserved his claim but changed its position after the parties "were directed to file supplement briefs addressing whether [the section 90.802(23) issue] was properly preserved" for our consideration.

10

As to preservation, Coleman continues to correctly point out that a defendant's objections to the reliability and trustworthiness of child hearsay evidence necessarily encompass the sufficiency of findings of reliability and trustworthiness. That is precisely the holding of our supreme court in *Hopkins v. State*, 632 So. 2d 1372, 1375 (Fla. 1994). In *Hopkins*, the defendant "argue[d] that the trial court failed to make sufficient findings under section 90.803(23) to admit the out-of-court statements of the child victim." *Id.* at 1376 (footnote omitted). As here, a detailed pre-trial hearing was held at which the defendant "objected to the admissibility of the hearsay statements, arguing that there was no showing of reliability." *Id.* On appeal, the supreme court held that the issue of the sufficiency of the trial court's factual findings was preserved because "defense counsel's objection to the reliability of the evidence necessarily encompassed the sufficiency of the judge's findings as to that reliability. Counsel was not required to specify each finding of fact to which he was objecting." *Id.* Because *Hopkins* is directly on point, it controls the preservation issue in this appeal, ending the inquiry.

But there is more. On almost identical facts involving a section 90.803(23) challenge, this Court deemed *Hopkins* to be controlling on the preservation issue in this case and also rejected the argument that specific objections to evidentiary sufficiency must be made:

> Appellant argues that the trial court made insufficient findings to satisfy the prerequisites to admissibility of R.R.'s statements set forth in section 90.803(23)(a) 1. and 2.b. and that, therefore, allowing the testimony regarding those statements constituted reversible error. Appellees . . . respond that we should affirm because (1) appellant failed to object to the sufficiency of the trial court's findings and, therefore, the issue has not been preserved for review; and (2) assuming the issue has been preserved, the trial court's findings are sufficient to satisfy the requirements of section 90.803(23).

11

The outcome of this appeal is controlled by the recent decision in *Hopkins v. State,* 632 So. 2d 1372 (Fla. 1994), which . . . requires that we reverse.

In *Hopkins,* the appellant argued, among other things, "that the trial court failed to make sufficient findings under section 90.803(23) to admit the out-of-court statements of the child victim." The court agreed. In doing so, it expressly rejected the first argument made by appellees here, holding that "defense counsel's objection to the reliability of the evidence [in the form of a hearsay objection] necessarily encompassed the sufficiency of the judge's findings as to that reliability. Counsel was not required to specify each finding of fact to which he was objecting." It also held to be legally insufficient to satisfy the requirement that the trial court "make specific findings of fact" comments substantively indistinguishable from those made by the trial court in this case.

*In Interest of R.L.R.*, 647 So. 2d 251, 253 (Fla. 1st DCA 1994) (citations omitted). Based on this language, *Hopkins* and *R.L.R.* require that Coleman be heard on his challenge under section 90.803(23). Findings of reliability and trustworthiness are necessarily based on evidence of those factors, such that an objection as to reliability and trustworthiness is necessarily one that encompasses evidentiary sufficiency. As such, Coleman's objection necessarily encompassed the sufficiency of the trial judge's findings as to both. *See Hopkins*, 632 So. 2d at 1375; *R.L.R.*, 647 So. 2d at 253.

Rather than rely on the supreme court's decision in *Hopkins* and this Court's decision in *R.L.R.* (which says *Hopkins* controls), the majority bases its holding on a Second District case, *Elwell v. State*, 954 So. 2d 104, 107 (Fla. 2d DCA 2007), which specifically *disagreed* with this Court's decision in *R.L.R.*, noting that *R.L.R.* and two other First District cases[1] were among "decisions of other

---

[1] *Womack v. State*, 855 So. 2d 1236, 1237 (Fla. 1st DCA 2003) (holding that a "general objection," which was deemed a continuing one, "preserved the issue for appeal."); *Mathis v. State*,

districts" that "have held that objections or challenges to the child-hearsay statements made prior to the trial court's rulings are sufficient to preserve for appeal the issue of the sufficiency of the trial court's findings."

Rejecting this Court's approach, the two-judge majority[2] in *Elwell* held that *Hopkins* did not apply because it included, in part, a confrontation clause issue under section 92.54, Florida Statutes, which provides that a trial court "may order that the testimony of the victim or witness be taken outside of the courtroom and shown by means of closed-circuit television." § 92.54(1), Fla. Stat. (2020). The *Elwell* majority apparently believed that *Hopkins*'s holding as to preservation hinged solely on the protection of a constitutional right of confrontation where closed-circuit television is used under section 92.54. It overlooked, however, that the decision in *Hopkins* had a *second* issue, one involving the same statute in this case, section 90.803(23):

> [W]e address a *second evidentiary issue* raised by Hopkins. Hopkins argues that the trial court failed to make sufficient findings under section 90.803(23) to admit the out-of-court statements of the child victim. The district court found that "defense counsel's general hearsay objections to the testimony were not sufficiently specific to preserve the issue for appellate review." *We disagree.*

632 So. 2d at 1376 (citations omitted) (footnote omitted) (emphasis added). As emphasized (and discussed earlier), the supreme court expressly based its *second* preservation holding on

682 So. 2d 175, 178 (Fla. 1st DCA 1996), *disapproved of on other grounds*, *Dudley v. State*, 139 So. 3d 273 (Fla. 2014).

[2] 954 So. 3d at 109–10 ("However, contrary to the majority view, it is my view that under the reasoning in *Hopkins v. State,* 632 So. 2d 1372 (Fla. 1994), Elwell's challenge to the admission of child-hearsay statements was preserved for review.") (Fulmer, C.J., specially concurring).

13

the premise that objections under section 90.803(23) include evidentiary sufficiency. The court in *Elwell* appears to have missed this point.

The majority also relies on *McCloud v. State*, 91 So. 3d 940 (Fla. 1st DCA 2012), saying it is similar to *Elwell*, which is cited in that opinion. But *McCloud* has no precedential weight because its discussion of preservation is pure dicta. That's because the panel specifically held that the challenged "order does contain sufficient findings" thereby making its additional discussion of the preservation issue needless. *Id.* at 940. And its discussion is dicta whether it is one sentence, two paragraphs, or most of what was written. Moreover, the opinion in *McCloud* is opaque as to when the objection was made. It says only that a pre-trial hearing was held, that the "appellant subsequently argued that the child's statements were not shown to be reliable enough to satisfy the requirements of section 90.803(23)," and that "appellant let the case go to trial without raising the issue, and after being convicted he now attempts to interject this issue on appeal." *Id.* at 940-41. Plus, *McCloud* differs factually, and thereby is inapplicable here, because Coleman properly objected and didn't just idly "let the case go to trial without raising the issue" only to "interject this issue on appeal." *Id.* at 941. Finally, the decision in *McCloud* makes no mention of *Hopkins* or the other relevant cases from this Court, such as *R.L.R.*, that are pertinent on the matter.

Despite all this, and in face of contrary precedent, the majority clings to the Second District's case in *Elwell* as if it is binding in our district and makes the remarkable contention that *McCloud* somehow controls because it is claimed to be the most recent case in a line of conflicting intra-district decisions. But the majority makes no effort to demonstrate that such a conflict actually exists on the specific facts and legal analysis of the allegedly conflicting cases. If anything, *McCloud* is an outlier in this District, if not an outlaw, because it doesn't even mention *Hopkins* or *R.L.R.* and the other First District cases (*Womack* and *Mathis*) that even *Elwell* said were contrary to its holding; the same is true for the terse, one-paragraph per curiam opinion in *Cowan v. State*, 165 So. 3d 58 (Fla. 1st DCA 2015).

14

And this case is not about a so-called "automatic preservation" rule, a phrase never before used in Florida's jurisprudence. Fundamental errors can be said to be automatically preserved, *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011), but this case has nothing to do with such errors. Moreover, the statutory codification in 1996 of the then-prevailing standards for preservation of error in criminal cases changed nothing other than to legislatively adopt what was already prevailing in the judicial world. *See State v. Jefferson*, 758 So. 2d 661, 666 (Fla. 2000) ("construing [newly-enacted section 924.051(3)] as merely codifying the existing procedural bars to appellate review both upholds the statute's constitutionality and is consistent with the actual legislative intent in passing the Act"); *see generally* Ch. 96-248, § 4, Laws of Fla. (creating section 924.051). To go beyond the statute's purpose, which was simply codification of the status quo, could be deemed a restriction on "the subject matter jurisdiction of the appellate courts in a manner not authorized by the constitution" and be thereby "unconstitutional," which is not a good thing. *Id.* at 665. And making a timely and proper objection as to the reliability and trustworthiness of child hearsay evidence doesn't put the cart before the horse; it anticipates that the cart will be empty because insufficient evidence exists as to reliability and trustworthiness. So says *Hopkins*. *See Hopkins*, 632 So. 2d at 1376 (sufficiency of the trial court's factual findings was preserved because "defense counsel's objection to the reliability of the evidence necessarily encompassed the sufficiency of the judge's findings as to that reliability. Counsel was not required to specify each finding of fact to which he was objecting.").

In a judicial system founded upon stare decisis and its principles of stability, predictability and judicial restraint, our supreme court's decision in *Hopkins* is an authoritative precedent, one that directly supports the conclusion that Coleman adequately preserved his objections under section 90.803(23), Florida Statutes. The Second District's decision in *Elwell* does not trump the supreme court's decision in *Hopkins*, nor is it binding on this Court. And the panel majority in this case cannot overrule *R.L.R.* and the other decisions of this Court on the topic, claiming that dicta in an opaquely written outlier controls; if conflict exists as is claimed, the en banc rule stands

15

ready to bring about uniformity. Short of en banc review, *Hopkins* and *R.L.R.* collectively control the preservation issue under section 90.803(23) in this appeal.

_____

Andy Thomas, Public Defender, Joanna A. Mauer, Assistant Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Robert Quentin Humphrey, Assistant Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.