[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10671

Non-Argument Calendar

_____

DENNIS L. MCCLOUD,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-00591-MMH-JBT

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Dennis McCloud, representing himself, appeals the district court's denial of his petition for federal habeas corpus relief. He argues that he received ineffective assistance of counsel at his trial because his lawyer didn't challenge improper expert testimony about the credibility of a child witness or improper argument by the state prosecutor. After careful consideration, we affirm.

## I.

In 2010, a Duval County, Florida jury found McCloud guilty of one count of sexual battery and one count of lewd or lascivious molestation related to minor victim D.M., and one count of lewd or lascivious exhibition related to minor victim A.O. The state circuit court imposed sentences totaling life in prison. The state appellate court affirmed McCloud's convictions and sentences on direct appeal. *McCloud v. State*, 91 So. 3d 940 (Fla. Dist. Ct. App. 2012). McCloud then filed motions for state postconviction relief, which were denied. As relevant to the claim before us, the state court of appeal summarily affirmed the denial of postconviction relief. *McCloud v. State*, 263 So. 3d 1 (Fla. Dist. Ct. App. 2018).

McCloud filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging among other things that his trial attorney was ineffective for failing to object when the State elicited expert testimony vouching for the credibility of D.M., one of the

minor victims, and when the prosecutor vouched for D.M.'s truthfulness in closing argument. The district court denied McCloud's § 2254 petition. We granted McCloud a certificate of appealability on one issue: whether the district court erred by rejecting McCloud's claim that his trial counsel performed ineffectively by failing to object to the state, and its witness, vouching for D.M.'s credibility.

## II.

We review the district court's denial of a federal habeas petition de novo. *Reed v. Sec'y, Florida Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010). Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on a claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or was "based on an unreasonable determination of the facts in light of the evidence presented" in the state court proceeding. 28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted).

## III.

McCloud argues that his trial attorney provided ineffective assistance of counsel by failing to object when the State's expert

witness testified that she did not believe D.M. was being truthful in her initial statement exonerating McCloud, and when the prosecutor separately vouched for D.M.'s veracity in her trial testimony (which inculpated McCloud) during closing arguments.  To prove a Sixth Amendment ineffective-assistance-of-counsel claim, a petitioner must demonstrate both that his counsel's performance was objectively deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice under this standard, he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Both the state circuit court and the state court of appeal rejected this claim on the merits in McCloud's state postconviction proceedings.  But neither state court clearly explained its reasoning.[1]  Under the circumstances, we must determine what arguments "could have supported" the state court's decision, and then "ask whether it is possible fairminded jurists could disagree" about

---

[1] The state circuit court denied the claim "[u]pon a review of the State's Response, in conjunction with the record attachments provided with said Response."  But the state court did not indicate whether it was adopting the State's response wholesale or whether it had other reasons for denying relief in addition to the State's arguments, which addressed only the performance prong of the *Strickland* analysis.  And the state court of appeal affirmed the denial of postconviction relief in a one-word opinion. *McCloud v. State*, 263 So. 3d 1 (Fla. Dist. Ct. App. 2018).

the correctness of that reasoning under relevant Supreme Court precedents. *Richter*, 562 U.S. at 102.

It is possible, as the State argues in this Court, that the state court of appeal affirmed the denial of postconviction relief on the ground that the expert's opinion on D.M.'s truthfulness and the prosecutor's argument on the same theme in closing were permissible under Florida law. If so, we must accept that interpretation of relevant state law—"it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And if the testimony and argument were permissible under state law, then the state court could have reasonably determined that defense counsel's failure to object was not objectively deficient performance under the *Strickland* standard. *See Meders v. Warden, Georgia Diagnostic Prison*, 911 F.3d 1335, 1354 (11th Cir. 2019) (failure to make an objection that will not be sustained is not ineffective assistance).

Alternatively, the state appellate court may have affirmed on the ground that even if counsel's performance was deficient, McCloud could not demonstrate prejudice under *Strickland* because no reasonable probability existed that the outcome of the trial would have been different if counsel had objected to the alleged "vouching" and the objections had been sustained. *See Strickland*, 466 U.S. at 687, 694. This rationale was not an unreasonable application of *Strickland* either.

Even if the trial court had excluded the expert's testimony directly commenting on D.M.'s truthfulness, plenty of other

evidence introduced at trial supported the jury's conclusion that McCloud sexually abused D.M.  D.M. admitted at trial that she had lied in her first interview with the Child Protection Team—when she denied that anyone had ever touched her private parts or made her touch their private parts—because she didn't want to get McCloud in trouble.  She also testified in detail about how McCloud sexually abused her, including on one occasion when her friend A.O. was present.  This testimony was generally consistent with D.M.'s second interview with the Child Protection Team, in which she disclosed things that McCloud made her do to his "privacy parts."

The State's expert testified that during the first interview, D.M. was guarded, barely responding, upset, and frightened.  The expert also testified that it is not unusual for a child to initially deny sexual abuse until the child feels more secure.  Recordings of both interviews of D.M. were played for the jury, so that the jury had the opportunity to observe D.M.'s demeanor during those interviews and at trial and decide which statement to believe.

A.O. also testified at trial.  She testified that she witnessed McCloud sexually abuse D.M., and her description of the abuse was entirely consistent with D.M.'s trial testimony.  And finally, McCloud's testimony that he was watching a movie with his wife during the time that A.O. and D.M. claimed he was molesting D.M. was undermined when the State called his wife in rebuttal and she denied his version of events.  Given all this evidence of McCloud's guilt, the state court could have reasonably concluded that even if

McCloud's counsel had successfully objected to the State's and the State's expert's commentary on D.M.'s truthfulness, there was no reasonable probability that the jury would have reached a different verdict.

## IV.

The district court did not err in rejecting McCloud's claim that his counsel provided ineffective assistance by failing to object to testimony by the State's expert and argument by the prosecutor vouching for D.M.'s credibility. We therefore affirm the denial of McCloud's federal habeas petition.

**AFFIRMED.**[2]

---

[2] McCloud has also filed a "Motion for Inquiry into Suspicious Matters," in which he asks us to inquire whether someone "filed a fraudulent motion on [his] behalf." Because we decide this case based only on McCloud's and the Secretary's certified briefs, the motion is **DENIED.**